THEODORE SOWERS and HENRY SIGNS, Respondents, *vs.* AARON N. DUKES, Appellant.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

*The opinions of a witness cannot be received as evidence, except where the question is one of science or skill, or has reference to some subject upon which the jury are supposed not to have the same degree of knowledge with the witness.*

### Points and Authorities for Appellant.

The Judge erred in not granting a new trial in this action.

The Judge erred upon the trial of this action in admitting the testimony of Theodore Sowers under objections, in answer to the question, " was the fence a proper fence to turn stock, and could they easily put their heads through between fence and rider ?"

The jury were the proper and only judges of whether it was a proper fence, after having heard the fence described.

It appears from all the evidence that the Defendant repaired all the fence he agreed to. He agreed only to rebuild the burnt portions. The Plaintiffs so understood it, and when they examined the fence in anticipation of a law suit, they measured none but the new fence, rebuilt by Defendant.

The fence around the field was a good fence, and it appears that breachy cattle broke down the fence and injured the crops. It was the Defendant's misfortune, as well as the Plaintiff's. It was not the Defendant's fault.

It does not appear that any injury was done by cattle by breaking in through poor fence, or wherein Defendant was in fault.

The Judge erred in admitting under objection the answer to the question, to witness Sowers, "How much was the crop damaged in consequence of the cattle getting in through the entire season"; for it charged the Defendant with all the

damage done, without any fault of Defendant. If breachy cattle broke in and destroyed the crop, through good fence, which is in proof, the Defendant should not be obliged to make up the damage to the Plaintiff. Nothing but the immediate result of the breach could be recovered from the Defendant upon the contract.

No damage has been shown to have arisen from poor fence. The owners of the cattle were liable, and not Dukes, the Defendant.

The Plaintiffs' taking possession of the field and planting their crop after the repairs of the Defendant, accepted the fence as it was, and if cattle afterwards broke through, it is the mutual loss of the parties.

The verdict is contrary to the law and the evidence, and a new trial should be granted.

WILLARD & BARNEY, Counsel for Appellant.

B. F. RICE, Counsel for Respondents.

*By the Court*—ATWATER, J.—This was an action commenced before a Justice of the Peace, in the county of Blue Earth, by the Plaintiffs, Sowers and Signs, against Dukes, for an alleged breach of contract, in neglecting to build and keep, in repair a fence around a certain field, whereby Plaintiffs claim their crops were injured. The Plaintiffs recovered a judgment of thirty dollars. The Defendant appealed to the District Court, the cause was tried by a jury, and a verdict rendered against the Defendant for twenty dollars. The Defendant moved for a new trial, which motion was denied, and Defendant, upon a case made and agreed upon, appeals to this Court from the order denying a new trial.

Upon the trial of the case, the Plaintiff, who was a witness, was asked this question, to wit :

Was the fence a proper fence to turn stock, and could they easily put their heads through between fence and rider ? This question was objected to by Defendant's counsel, on the ground that the jury are the proper judges as to whether it is a sufficient fence, after the fence is described. The objection was overruled, and Defendant excepted.

Sowers et al. v. Dukes.

We think the objection was well taken, and the question should have been excluded. The rule is too well settled to admit of question, that the opinion of a witness is not evidence for a jury. It is true there are exceptions to this rule, but they all proceed on the principle that the question is one of science or skill, or has reference to some subject upon which the jury are supposed not to have the same degree of knowledge with the witness. (*Lamoure vs. Caryl*, 4 *Denio*, 370.) In this case the question was not one involving or requiring science or skill to arrive at a just conclusion, nor can there be any presumption that the jury were not as competent judges as to what fence was sufficient to turn stock as the witness. It does not appear that he had any peculiar sources or means of knowledge on the subject, which are not to be presumed equally within the reach of the jury. The jury are to form opinions; the witness to state facts. The height of the fence, the materials of which it was composed, its condition as to stability, soundness, &c., might all be very pertinent facts to be stated to the jury, upon which to base their judgment as to the sufficiency of the fence to turn stock, or whether it was in compliance with the contract. But the Defendant was entitled to the judgment of the jury on the sufficiency of the fence, and that judgment could not rightfully be aided by the mere opinion of a witness, who, so far as appears, had no means of information beyond their own. The witness might have been of the opinion that a substantial post and board fence six feet high would be insufficient to turn stock; but hardly any intelligent jury would form such an opinion. Courts have uniformly and strictly adhered to the rule which excludes the opinions of witnesses, unless they fall within the exceptions to the general rule. (*Morehouse vs. Mathews*, 2 *Com.*, 514, *and cases cited*.) We see no occasion to change the rule in this instance, the more especially as the evidence on some other points does not strongly tend to sustain the verdict.

There was also another question put by Plaintiff's counsel, to the witness, Sowers, which was clearly objectionable. He was asked, " How much were the crops damaged in consequence of the cattle getting in through the entire season?" This was objected to by Defendant, but the question admitted

by the Court.  The question was inadmissible, on the author-
ity of the cases above cited, as calling for the opinion of the
witness.  It is true, it was not, so far as the case shows, ob-
jected to on this ground, and inasmuch as it is unnecessary
to the proper decision of the case, to determine whether the
ground of the objection was well taken, it will not be further
examined in this connection.

The order denying a new trial is reversed, and the case re-
manded.