GEORGE C. CHAMBERLAIN, Respondent, vs. MOSES PORTER, Appellant.

APPEAL FROM THE DISTRICT COURT OF DAKOTA COUNTY.

In an action to recover damages for injury from negligent and unskilful treatment of a broken limb, where there was testimony showing that other surgeons beside the Defendant had treated the Defendant for his broken limb, and also testimony *pro and con*, on the fact of the Plaintiff's negligence; the court charged the jury, upon request, that they must take into consideration all the pain and suffering that the Plaintiff has sustained and been subjected to, which has resulted from the injury over and above what he would have necessarily suffered and sustained had the limb been treated with ordinary surgical skill; also, such further damage as the Plaintiff may sustain by reason of his future disability to use said limb, and that in estimating the damages they are to take into consideration the present and future condition of the Plaintiff compared with what his condition would have been if the limb had been treated with ordinary skill. *Held*— ·

1. That the charge does not hold the Defendant responsible for the unskilfullness or negligence of other surgeons or the Plaintiff.

2. That it does not ignore the rule of law as to the contribution to the injury, by the Plaintiff or others.

3. That the injuries mentioned are proper elements of the Plaintiff's damages; that the instruction was that these injuries must be the result of the act complained of, and that this was a correct general statement of the rule of damages.

4. That the language, "the condition of the Plaintiff," in the charge means, in its connection, the physical condition of the Plaintiff.

In actions of this nature the question of negligence is one of fact or mixed fact and law, to be left to the jury.

The question of the Plaintiff's negligence is a substantial issue in the case, and goes in bar of the Plaintiff's recovery, and the law in regard to it is not a *modification* of the rule of damages.

The general rule is that a mere omission to charge upon a particular point, in the absence of a request from counsel, is not error.

A party cannot, under an exception to the charge of the court, take advantage of illegal testimony which was received without objection, and no motion made to strike it from the case.

Chamberlain v. Porter.

The opinions of witnesses are not admissible to prove the *amount* of damages to which a party is entitled where there is no pecuniary standard by which the amount can be determined, and no rule of law fixing the amount to be allowed.

In cases of this kind the damages are to be determined by the jury from the facts in the case.

In actions like the present the jury are the proper judges of the amount of damages to be allowed, and unless there is something in the case showing that the jury, in their determination, were influenced by passion, prejudice or some improper motive, the court will not interfere.

Points and authorities of Counsel for Appellant.

First—The Court erred in the first charge to the jury. (*See opinion.*) Because—

1.—The testimony of the Appellee himself, as well as other evidence, shows that the Appellee was treated not only by the Appellant for his broken limb, but by other surgeons and physicians. *See Folios* 27, 28, 29, 30, 36, 37, 40 *to* 45, 54, 57, 64 *to* 77, 88 *to* 100, 118, 119, 122, 123, 127, 128, 129.

The charge above excepted to holds the Appellant responsible for all pain and suffering, and all damages sustained by the Appellee, resulting from a want of ordinary skill in the treatment of the broken limb, whether that want of ordinary skill was displayed by the Appellant, or by some one or more of the other surgeons or physicians who attended on and treated the Appellee for the same injury, from time to time, as the evidence shows, independently of the Appellant.

Further, the evidence referred to also shows that there was testimony going to prove that the Appellee was himself guilty of neglect. *See particularly the testimony of Drs. Thorne and Etheridge, folios* 122, 123, 127, 128, 129, *in connection with folios* 118, 119, 120. For all this the charge holds the Appellant responsible. No authorities need be cited to show that the Appellant could be held to account only for his own acts or his own neglect or want of skill, and not for the acts, neglect or unskillfulness of the patient himself, or such other surgeons or physicans, or other persons, as the patient saw fit to call in and employ of his own motion.

34—vol. ix.

2d.—It is well settled law, that if a party, seeking damages for an injury, has himself, by his own acts or neglect, (and the acts and neglect of persons acting under his direction, would be his own,) contributed (as some authorities say,) remotely, (and as all agree,) proximately to the damage which he charges upon the party from whom he seeks compensation, then he cannot recover, for the plain reason that it would be impossible to distinguish the injury resulting from his own acts or neglect, from the injury resulting from the acts or neglect of the person of whom he complains, or to show where one left off and the other began, and the manifest injustice of mulcting one man for the wrong doing of another.

The charge above excepted to ignores this principle entirely—a principle sustained by 9 *Wis.*, 214–15; 24 *Vt. R.* 487; 2 *Stark. R.* 377; 6 *Hill.*, 594; 12 *Met.* 415; 1 *Cowen,* 78; 12 *Pick.*, 176; 2 *Gr. Ev.* § 260; *Sedgw. on Dam.*, 2d ed., 149, 468–470.

3d.—The damage to which the appellee was entitled in any event could not be remote, contingent or speculative. It must be what will necessarily and inevitably result from the injury complained of, and must be clearly established by the evidence. 20 *Barb. Sup. Ct. Rep.*, 292; 2 *Parsons on Cont.* 456; 17 *Pick.* 284.

Second—The Court erred in charging the Jury as follows : that the Jury are to form their opinion and arrive at their estimation of damages by taking into consideration all the facts and circumstances of the case.

Third.—The Court erred in charging the Jury that the appellee was entitled to any damage except for expense incurred in effecting a cure. No other sum in damages except for such expenses was proved.

Fourth.—The Court erred in refusing to grant the motion for a new trial on the ground of excessive damages.

Points and authorities of Respondent.

I.—The District Court did not err in its charge to the jury as

Chamberlain v. Porter.

to the rule or measure of damages or otherwise.  5 *Ind.*, 32 ; 4 *Cushing*, 273 : 1 *Ib.*, 451 ; 15 *Conn.*, 225 : 15 *N. Y. Rep.*, 415.

Expenses, anxiety, pain, mental and bodily suffering, continued disability, &c., &c., are all proper elements in assessment of damages.

The compensation is for the personal injury.  22 *Conn.*, 290, 298 *per Story Judge.*

II.—The jury are the judges of the facts as well as of the damages.

III.—The claim that damage by the opinion of witnesses should have been proven in addition to special damages, is too absurd for serious notice.  The value of life or limb, or compensation for mental or bodily suffering, is not obtained by calculation, nor is it a matter of skill, to which an expert can be called, but is matter of opinion and discretion, to be determined by the jury from all the facts and circumstances in the case.  4 *Barber S. C.*, 261 ; 7 *Cushing*, 219 ; 16 *Pick.*, 541 ; 6 *Mass.*, 498 ; 12 *Pick.*, 547 ; 4 *Denio*, 311 ; 17 *Wendell*, 136 ; 15 *N. Y.*, 423.

BERRY & PERKINS, & F. M. CROSBY, Counsel for Appellant.

SMITH & GILMAN, Counsel for Respondent.

*By the Court*—McMILLAN, J.—This is an action brought by the Plaintiff in the court below to recover damages from the Defendant for alleged improper, negligent and unskilful surgical treatment of the Plaintiff's broken thigh.  The action comes to this court on appeal, by the Defendant, from the judgment and order denying the motion for a new trial.

The only exceptions in the case are those taken to the charge of the Court.

The case, as settled, contains the following statement with reference to the proceedings on the trial :

" The evidence and argument of counsel being concluded, the Plaintiff requested the Court to charge the jury as the rule of damages in this action, as follows :

" First—The jury must take into consideration all the pain and suffering that the Plaintiff has sustained and been subjected to, which has resulted from the injury, over and above what he would have necessarily suffered and sustained had the limb been treated with ordinary surgical skill ; also, such further damages as the Plaintiff may sustain by reason of his future disability to use said limb ; and that in estimating the damages they are to take into consideration the present and future condition of 'the Plaintiff, compared with what his condition would have been if the limb had been treated with ordinary skill." Which the Court charged as requested, and the Defendant excepted.

There was evidence in the case showing that other surgeons had treated the Plaintiff for his broken limb besides the Defendant; and there was also testimony, *pro* and *con*, on the fact of the negligence of the Plaintiff himself.

It is urged by the Appellant that, in view of this testimony, the charge is erroneous—

1st. Because it holds the Appellant responsible for all pain and suffering, and all damages resulting from a want of ordinary skill, whether displayed by the Appellant or by some one or more of the other surgeons, and from the neglect of the Plaintiff himself.

2d. That the charge ignores the principle of law, that if a party claiming damages for an injury, has, by his own act or neglect, or by the act or neglect of others, acting under his direction, contributed to the damages which he charges upon the party from whom he seeks compensation, he cannot recover.

" 3d. The damages to which the Appellee was entitled in any event, could not be remote, contingent, or speculative. It must be what will *necessarily* and *inevitably* result from the injury complained of, and must be clearly established by the evidence, and in charging the jury as to the right of the Appellee to recover such damages as he ' may sustain by reason of his future disability,' &c., &c., and that ' in estimating the damages ' the jury

' were to take into consideration the present and future condition of the Appellee,' &c., &c., the Court left the jury to wander about in the region of conjecture without any restraint, and the result was the excessive and unreasonable verdict found."

We will consider the first two or three of these objections together.

The question of the negligence of the parties, plaintiff and defendant, in actions for damages on account of injuries to the person and property, has frequently received the attention of the Courts, and many adjudications upon it are found in the Reports. While the authorities differ to some extent as to whether the negligence of a plaintiff must be the remote or proximate cause of an injury to prevent a recovery in an action of this nature, all concur to the extent that if an injury has been caused proximately, partly by the negligence or unskilfulness of the defendant, and partly by the negligence or unskilfulness of the plaintiff or others, he cannot maintain an action therefor.

*March vs. Conn. R. R. Corp.*, 9 *Fost.* (*N. H.*) 9 ; *Sheffield vs. R. & S. R. Road*, 21 *Barb.*, 339 ; *Cent. R. R. Co. vs. Moore*, 4 *Zabr.* (*N. J.*) 824 ; *Neal vs. Gillet*, 23 *Conn.* 437 ; *Collins vs. A. & S. R. R. Co.*, 12 *Barb.*, 492 ; *Indianapolis & Cin. R. R. vs. Caldwell*, 9 *Ind.* 398 ; *Wright et. al. vs. Brown*, 4 *Ind.* 95 ; *Brown vs. Flagler*, 5 *Hill*, 282 ; 2 *Greenl. Ev. secs.* 220, 267.

It is also a settled principle that, in the same class of actions, the negligence is a question of fact, or of mixed fact and law, to be left to the jury. *The City of St. Paul vs. Kuby*, 8 *Minn.*, 154, *and authorities cited.*

It follows therefore, that the question of the plaintiff's negligence, and the negligence of others than the defendant in this case, is one which goes to defeat the plaintiff's action, and must have been determined by the jury adversely to the appellant, before the jury could reach the question of damages at all.

Where in an action for negligence on the part of the defendant, the evidence is conflicting, and the jury find a verdict for the plaintiff, this must be regarded as settling the question in his favor. *Sheffield vs. Roch. & Syrac. R. R. Co.*, 21 *Barb.* 339.

Negligence of the plaintiff is a substantive issue in the action, and goes in bar of the plaintiff's recovery. The question of damages, therefore, in this instance, was entirely distinct from that of the plaintiff's negligence. The rule as to damages could only govern the jury after they had determined the question of negligence in favor of the plaintiff, the latter, therefore is not a modification of the former. The charge excepted to related only to the rule of damages; it cannot, therefore, be said to ignore the question of negligence, any more than it ignores any other substantive defence in the action.

No other portion of the charge is contained in the case as settled, than the particular portions excepted to; although it appears from the third exception of the Appellant, that the Court delivered a general charge in the case.

Whether the jury were instructed upon the question of negligence, does not appear. In any event, if the Appellant desired instructions to the jury on that point, it rested with him to frame a reqest to the Court to charge as he desired.

The general rule is, that a mere omission to charge on a particular point, in the absence of a request from counsel, is not error. *Dunlop* vs. *Patterson,* 5 *Cowen,* 243 ; *Brutch* vs. *Nickerson,* 17 *Johnson* 217 ; *Law* vs. *Merrill,* 6 *Wend.,* 268 ; 2 *Peters,* 15 ; *Rich* vs. *McAlister,* 8 *Wend,,* 110; *Burn* vs. *Sutherland,* 7 *Barr.,* 103 ;. *McClure* vs. *McClure,* 1 *Barr.,* 374 ; *Chicester* vs. *Phillips,* *L. Raymond's R.,* 404 ; *Graham's Pr.,* 2d *Ed.,* 324.

The complaint in the action sets up and claims special damages both present and prospective. It is true that, in any event, the damages to which the Appellee would be entitled could not be remote, contingent or speculative. But the law does not, in actions of this nature, limit the damages to what will *necessarily* and inevitably result from the injury. This applies to general damages only. The rule is that *general* damages must be the necessary result of the injury; *special* damages the *natural* consequence of it; but, in either case, the damages must be the natural and proximate consequence of the act complained of.

Does the charge excepted to come within the rule? There

can be no doubt that the pain, suffering and disability to use the limb, both present and prospective, are proper elements of the Plaintiff's damages.   2. *Greenlf. Ev.*, *secs.* 267, 268, *b*; *Sedgwick on Damages*, 102, 3, 4 (*Marg.*).

The jury, by the charge, are limited, in the consideration of these elements to such as *have resulted* from the injury, over and above what *would have resulted* had the limb been treated with ordinary surgical skill.   This, we think, is not erroneous.   It is a correct *general* statement of the rule.   Professor Greenleaf himself, in his general definition of damages, uses similar language : "All damages must be the *result* of the injury complained of," although he is subsequently more specific.   2 *Greenl. Ev.*, *sec.* 254.   If the Appellant apprehended any danger from this general statement, he should have directed the attention of the Court to it by requesting specific instruction.

After referring the jury to these elements of damages, as proper to be considered by them, the charge, in the same connection, proceeds : " And that in estimating the damages they (the jury) are to take into consideration the present and future condition of the Plaintiff, compared with what his condition would have been if the limb had been treated with ordinary skill."   The condition here referred to is evidently the physical condition of the Plaintiff, and the injuries to his condition, to be considered by the jury, are to be arrived at by a comparison of his condition, as affected by the accident, with proper treatment of the limb, with it as affected by the accident, with the improper treatment; the difference, if any injury resulted, must be the effect of the improper treatment.

In *Curtis vs. Rochester & Syracuse R. R. Co.*, 20 *Barb.*, 291, Strong, J., delivering the opinion of the Court, says, "It was certainly proper for the Jury, in estimating the damages to the plaintiff, to regard the effect of the injury in future upon her health, the use of her limbs, her ability to labor, and attend to her affairs, and generally to pursue the course of life she otherwise might have done."   These constitute the physical condition of the party, and while the charge might have been more specific than it is, it must

still have been general in its terms to a greater or less extent. We do not see that injury has been done to the appellant by the charge.

The second request charged is, "The Jury are to form their opinion and arrive at their estimation of damages by taking into consideration all the facts and circumstances of the case." This is excepted to as error, "because among the other facts and circumstances in the testimony, was the following: the appellee testifies that he lives in the country, has lived there eight years, has a family, a wife and seven children."

The testimony of the plaintiff in this connection is as follows: "can work some, can chop pretty well—can't do anything in ploughing—live in the country—have lived there eight years this spring—don't understand any business but farming—am 39 years old—have a family, a wife and seven children."—*Case, folio* 38, 39.

It is a sufficient answer to this exception to say that there was no objection to any portion of the testimony, by the appellant. It was his duty, if the testimony was objectionable, to have objected to its reception or moved the Court to strike it from the case, and not having done so, he cannot, under an exception to the charge of the Court, or after verdict, take advantage of it. *Farmers' Loan and Trust Company vs. McKinney,* 1 *McLean,* 1; *Scott vs. Sheakly,* 3 *Watts,* 50.

The fact that plaintiff has a family is specially pleaded. Whether the testimony in relation to his family was proper, it is not necessary here to consider.

The appellant also excepts to so much of the charge of the Judge as authorized the Jury to find any damages except the expenses incurred in being cured, no sum in damages having been proved except for such expenses.

In cases of this kind, for many of the injuries for which damages may be given there is no pecuniary standard by which their compensation can be determined, and there is no rule fixing the amount which may be allowed, except that they may not be excessive.

The question of damages for injuries of this character is not one of science or skill, nor is it one requiring peculiar knowledge or experience, but it is a practical question, upon which the jury are presumed to have an equal degree of knowledge and experience with others, and to be able to form a correct conclusion, from their own experience of the common affairs of life. The opinions of witnesses, therefore, upon this point were not admissible, but the damages for these injuries were to be determined by the jury from the facts and circumstances in the case. *Sowers et al. v. Dukes,* 8 *Minn.,* 23.

The fourth exception is that the Court erred in refusing to grant a new trial, on the ground of excessive damages.

In actions of this nature the jury are the proper judges of the amount of damages to be allowed, and unless there is something in the case showing that the jury, in their determination, were influenced by passion, prejudice or some improper motive, the Court will not interfere. *The City of St. Paul vs. Kuby,* 8*th Minn.,* 171.

We see nothing in this case from which such fact could be justly inferred. While the amount of damages allowed is large, we cannot say it is excessive. There is nothing, therefore, which would authorize us to set aside the verdict upon that ground.

We see no error in the proceedings of the Court below. The judgment and order of the Court, denying a new trial, are affirmed.