unabridged by the evidence, as the court has found that Jacob was not a participant in any fraud.

There are no other exceptions which affect the result, and I think the judgment should be affirmed.

BRADLEY, J., concurs.

---

· GREEN v. HORNELLSVILLE & C. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

EXPERT EVIDENCE.

In an action brought to recover the value of a cow which broke through a wire fence and got upon the defendant's track, where it was struck and killed by an electric car, the fence having been completely described to the jury, expert evidence is not admissible to prove whether or not the fence was sufficient, as provided by Gen. Laws, c. 39, § 32, to prevent cattle from going through it.

Appeal from Steuben county court.

Action by Victoria A. Green against the Hornellsville & Canisteo Railway Company to recover the value of a cow. From a judgment reversing a justice's judgment in favor of the plaintiff, she appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Eli Soule, for appellant.
De Merville Page, for respondent.

ADAMS, J. The plaintiff brings this action to recover the value of a cow which had broken through a wire fence and got upon the defendant's track, where it was struck and killed by an electric car. This accident occurred on the 9th day of August, 1896, and in April or May prior thereto the defendant had caused a wire fence to be constructed along the line of the plaintiff's premises, which adjoined those of the defendant. Most of the wires of this fence were of large size, and twisted, but upon the east side of a cattle pass a single strand of wire was used. It appeared that the fence was in a good state of repair at the time of the accident, but immediately thereafter some of the wires at the cattle pass were found loose and broken, and the evidence tended to show that it was at this point that the cow escaped from the lot. The principal question litigated upon the trial was whether the defendant's fence complied with the provision of the statute which requires every railroad corporation to "erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands"; "a sufficient post and wire fence of requisite height" being expressly declared a lawful fence, within this provision. Gen. Laws, c. 39, § 32. To maintain the plaintiff's contention that the fence, constructed in the manner described, was insufficient for the purpose designed by the statute, a witness by the name of Peck was called, of whom the following question was asked:

"In your opinion, is a fence built of seven single wires, such as defendant's Exhibit A, fastened on posts twelve feet apart, with ordinary wire staples, of sufficient strength to prevent cattle from going through it?" This was objected to as incompetent and immaterial, and not a proper subject for expert testimony, and as calling for the conclusion of the witness, instead of the facts. The objection was overruled, and the witness promptly answered, "No, sir." Another witness, by the name of Cornell, was asked, "Was that a sufficient fence, when you saw it, to prevent cattle from going through, in your judgment?" To which question a similar objection was interposed, with a like ruling by the justice, and the same answer followed. Subsequently still another witness, by the name of Taylor, was permitted to express his opinion upon the same subject, over the defendant's objection. Thus it will be seen that the plaintiff was allowed to prove the very gist of her action by the opinions of witnesses who were called as experts; and, if this was error, it cannot be said that it was of so technical a character as not to affect the merits, and consequently one which should be disregarded by this court. Code Civ. Proc. § 3063. We are clearly of the opinion that the evidence to which we have adverted is a palpable violation of the rule which permits a party to have recourse to the opinions of experts only where, from the nature of the case, the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment for themselves (Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 24 N. E. 179), and that its admission was therefore error which must have been in the highest degree prejudicial to the defendant. It appears that the jury had been furnished with a complete description of the fence, the height of the posts, the number of wires strung thereon, the size of the wires, and the manner in which they were fastened to the posts; and, furthermore, some of the plaintiff's witnesses were permitted to testify as to the ease with which the wires broke, and the staples pulled out from the posts. So that ample opportunity was furnished for the jury to determine from the evidence before them whether the fence was of such a character as to answer the requirements of the statute, unaided by the opinions of witnesses who were really no better qualified to express an opinion than were the jurors themselves. It is sometimes difficult to determine what is and what is not a proper subject for expert evidence, but in a recent case we attempted to lay down a rule which is capable of quite general application, and one which, when applied to the case in hand, will, we think, justify the conclusion we have reached in respect of the error of the trial court. Hoffman v. Canal Co., 16 App. Div. 572, 44 N. Y. Supp. 949. However this may be, the precise question which presents itself in this case appears to have been decided in at least two instances to which our attention has been directed. In Enright v. Railroad Co., 33 Cal. 230, which was a counterpart of the present action, it was held that the evidence of witnesses that the fence in question was sufficient to turn cattle was improper; and in Sowers v. Dukes, 8 Minn. 23 (Gil. 6), which was an action brought to recover for a breach of contract, in neglecting to build and keep in repair a fence around a certain field, in consequence of which the plaintiff's crops were injured, the plain-

tiff, who was sworn as a witness in his own behalf, was asked this question: "Was the fence a proper fence to turn stock, and could they easily put their heads through between the fence and the rider?" This question was objected to on the ground that the jurors were the proper judges as to whether the fence was sufficient, after it had been described. The objection, however, was overruled, and the witness was permitted to answer; but upon appeal the question was held to be incompetent, and the judgment was reversed for that reason. These two cases have been cited with approval by the court of appeals in this state. Ferguson v. Hubbell, 97 N. Y. 507. And this circumstance, in our opinion, is, of itself, decisive of the case at bar. We conclude, therefore, that the judgment of the county court should be affirmed.

Judgment affirmed, with costs. All concur.