### The People ex rel. Alexander Campbell vs. Clark.

Where a statute is declared to take effect *from and after its passage*, it takes effect at the very moment of its approval by the governor; and for the purpose of determining the right to an office, it is competent to inquire at what particular point of time in the day an act was approved by the governor. Bennett, J. dissenting.

Appeal from the district court of the district of San Francisco. The facts of the case were substantially as follows: The defendant was regularly elected county judge of the county of San Francisco, at an election regularly appointed and held in that county. On the day on which the election was held, the legislature, then in session, passed an act repealing the act by virtue of which such election was held, and conferred upon the governor the power to appoint the county judge. This repealing act was approved by the governor on the same day, but at what hour of the day did not appear. Some days after the election was over, the governor appointed the relator county judge. Both parties claiming the office, and both assuming to perform the duties of it, the relator filed a complaint in the district court in the nature of a *quo warranto*, and the cause was heard in the district court upon an agreed statement of facts. Judgment was there given in favor of the relator, and an appeal then taken to this court.

*John A. McDougall*, (attorney general,) for the relator.

*Edward Norton*, for the defendant.

*By the Court*, Hastings, Ch. J. Such is the unorganized condition of the county court of the county of San Francisco, that the immediate action of this court is required, and no opinion therefore has been prepared reviewing the numerous and conflicting authorities cited, and the arguments of counsel.

The People *v*. Clark.

The right to the office claimed by the appellant by virtue of an election by the people, ought to be viewed favorably and not to be thwarted by any implication or fiction in the computation of time. The doctrine that a statute, by relation, was in force from the first day of parliament, and that the entire term of a court was but one day, and that judgments were to be considered as rendered on the first natural day of the term, has never been permitted to obtain in the courts of the United States, to the prejudice of the rights of the citizen or the public. If no time be specified when a statute shall be in force, it ought to go into effect from and after its passage, that is, from and after the *point* of time when its existence is perfected. This " rule is deemed to be fixed beyond the power of judicial " control, and no time is allowed for the publication of the law " before it operates, when the statute itself gives no time." (1 *Kent's Comm.* 457.) The general rule seems to be, that in the computation of time from an *act* done, the day of the act is to be computed, although in the computation from and after a day specified, the day shall be excluded.

To hold that a law operates all that part of the day of its passage prior thereto, is as absurd and as much of a fiction as the old doctrine that, by relation, it should commence running on the first day of the parliament. And if a statute shall go into effect from and after its passage, that is, from and after the point of time when it received the approval of the executive and became thus a law, it would be equally as irrational and as much a fiction to imagine that it did not really become a law until the next day.

The time of the approval of the executive is a fact which can be ascertained and proved, and, in all cases, where the rights of parties are in any manner to be affected by the time of the approval, an investigation of the question, when did the event—the passage of the act—occur, should be had. In the matter of *Richardson et al.*, (2 *Story's Rep.* 580,) in which precisely the same question was under the consideration of the court, Judge Story says, " On the contrary, it appears to me " that in all cases of public laws, the very time of the approval

The People *v*. Clark.

" constitutes the guide as to the time when the law is to have
" its effect." " It may not, indeed, be easy in all cases to as-
" certain the very *punctum temporis ;* but that ought not to
" deprive the citizens of any rights created by antecedent laws,
" and vesting rights in them. In cases of doubt, the time
" should be construed favorably for the citizens. The legisla-
" ture have it in their power to prescribe the very moment *in*
" *futuro,* after the approval, when a law shall have effect ; and
" if it does not choose to do so, I can perceive no ground why
" a court of justice should be called upon to supply the defect.
" But, when the time can be accurately and fully ascertained
" when a bill was approved, I confess that I am not bold
" enough to say that it became a law at any antecedent period
" of the same day."

When public justice requires it, the exact time in the day at
which the act was performed may be shown by proof. (*Brain-
ard* v. *Bushnell,* 11 *Conn. Rep.* 17, *cited in a note to 4th Kent,*
95.) In the case at bar the question is, at what time of the
day was the statute repealed ; before, or after, the electors had
made their choice. If before, the election was void. If after,
the incumbent secured a right of which the legislature did not
deprive him by the repeal. Until the question is settled, every
presumption should be in favor of the right of the people to
elect, and it will be presumed that the repeal did not occur
until after the choice had been made. Inasmuch as by the
agreed statement of facts, it is provided that the time of the
passage of the act may be ascertained on a new trial, if deemed
necessary by this court, the judgment of the court below is re-
versed, and a new trial awarded ; and if it shall be found that the
repealing statute took effect on the day of the election, and be-
fore the voting had terminated, then a judgment should be
rendered against the appellant.

BENNETT, J. (dissenting.) Where a question arises as to
when an act of the legislature takes effect, the day should be
held to be indivisible, and where an act is declared to take
effect *from and after its passage*, it does not take effect until

the next day after its passage. A new trial should not be granted, but judgment final should be rendered in favor of the defendant.

New trial granted.