CHAUNCEY BEAL and Wife *vs.* GEORGE H. WHITE.

May 9, 1881.

**Foreclosure—Action by Mortgagor to recover excessive Interest.—** The action given by Gen. St. 1878, *c.* 81, § 24, may be brought as soon as the property is in fact sold on the foreclosure, without waiting for the expiration of the time to redeem. Laws 1879, *c.* 66, does not repeal Gen. St. 1878, *c.* 81, § 24.

Plaintiffs brought this action, under Gen. St. 1878, *c.* 81, § 24, in the district court for Watonwan county, to recover excessive interest embraced in the foreclosure of certain land which they had mortgaged to defendant. A demurrer to the complaint was overruled by *Dickinson*, J., and the defendant appealed.

*J. W. Seager*, for appellant, cited *Horton* v. *Maffitt*, 14 Minn. 289; *Daniels* v. *Smith*, 4 Minn. 117, (172;) *Donnelly* v. *Simonton*, 7 Minn. 110, (167;) *Standish* v. *Vosberg*, 27 Minn. 175.

*W. C. Jones*, for respondents:

GILFILLAN, C. J. Appeal from an order overruling a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The complaint certainly has serious

faults in its mode of stating or attempting to state the facts on which plaintiffs rely. But, as it is evident that only the objections made here by the defendant's points were made in the court below, we will confine our decision to those points. The action is to recover, under Gen. St. 1878, *c.* 81, § 24, the chapter regulating the foreclosure of mortgages. Thàt section reads: "That the mortgagor, his heirs or assigns, at any time within one year after foreclosure, may recover from the owner of the mortgage, at the time of foreclosure, three times the amount of any costs or disbursements not absolutely paid for said foreclosure, and three times the amount of any bonuses or interest over and above twelve per cent. embraced in said foreclosure, and for which the property was sold, unless said overplus has been paid to the mortgagor or his assigns." This action was brought within the year allowed for redemption from the sale. The points made here are—*First,* that the action cannot be brought until the foreclosure has become complete by expiration of the time allowed for redemption; *second,* that section 24 was repealed by Laws, 1879, *c.* 66.

The first point assumes that in section 24 the legislature use the word "foreclosure" in the sense of a foreclosure completed and perfected, so as to pass the title to the purchaser. This court has frequently held that, to make a foreclosure perfect, the time allowed the owner of the property to redeem must have expired; that until then the title does not pass, and that until then the sale is subject to be annulled and defeated by redemption. If that is the sense in which the word "foreclosure" is used in the section, of course this action is prematurely brought. We think, however, that is not the meaning of the word as there used, but that the legislature had in mind the more popular sense, of indicating the proceedings resulting in and including the sale in fact,—the striking off of the property by the sheriff. Thus, section 13 speaks of the mortgage as "the mortgage foreclosed," with reference to a time necessarily prior to the lapse of the time to redeem. Section 23 requires the party foreclosing to file an affidavit of costs and disbursements absolutely paid within 10 days after "foreclosure." In that section the word is evidently used as

meaning the sale. Section 24 speaks of the owner of the mortgage at the time of the foreclosure. When the time to redeem has expired, the mortgage has ceased to exist as a mortgage or security, and it would not be accurate to speak of the owner of the mortgage at that time as indicating the party who caused the foreclosure. The statute intends to inflict the penalty upon the one who was guilty of the illegal exaction, who caused the foreclosure to be made—to wit, the owner of the mortgage at the time of the sale in fact—where, when the time to redeem has expired, all his interest has vested in the purchaser, and he is no longer owner.

We do not find any instance in the title to which section 24 belongs, in which the legislature evidently use the word "foreclosure" in a sense including the lapse of the time to redeem. The wrong for which the statute intends to give a remedy is complete as soon as the property is struck off by the sheriff. Although the title does not at once pass, yet the practical right of the mortgagor becomes then, generally, a mere statutory right to redeem. The amount he must pay in order to redeem is fixed by the sale. He must pay that amount or lose his property. That is so, even when the mortgagee is the purchaser, unless there exist special circumstances upon which the owner may invoke the aid of a court of equity. *Dickerson* v. *Hayes,* 26 Minn. 100. If a third person become the purchaser, the mortgagor receives, as soon as the sale is made, the excess wrongfully exacted in the proceedings. Why the remedy should be postponed for a year after the wrong is consummated is not obvious. We conclude that the action may be brought as soon as the sale is in fact made.

As to the second point, there can be no question that Laws 1879, c. 66, does not repeal section 24 now under consideration. That section is part of a chapter devoted solely to regulating foreclosures of mortgages upon real estate, and the rights of the parties thereon. Chapter 66 is devoted exclusively to regulating the matter of interest and usury, and makes no reference to foreclosures of mortgages. It does not, in terms, repeal section 24. It is claimed that it operates to repeal this section, because the latter is inconsistent with the pro-

visions of section 2 of that chapter. Section 2 gives to one who has paid interest at a greater rate than section 1 of the chapter permits, a right of action to recover the excess above the permitted rate from the party receiving it. The cases provided for by the two sections are entirely distinct, and the sections are not made inconsistent by the fact the same remedy is not given to both cases.

Order affirmed