Johnson, C. J.
This motion is. not. well taken if the petition in error was a pending action or proceeding, when the act of April 18, 1883, took effect, because section 79 of the. Revised Statutes provides that the amendment or repeal of. a statute,- shall in no manner affect, pending actions, prosecutions or proceedings civil or criminal, and when the repeal or amendment relates to the remedy it shall not affect pending actions, prosecutions or proceedings unless so expressed.”
The provisions of sec. 6710, as amended, relate toa remedy in a civil action. They do not affect pending actions or proceedings, but in express terms the act applies'** to all cases and proceedings hereafter brought in or into the supreme court.” In behalf of the motion to dismiss, two grounds are relied on. .
1st. That the act of April 18, which took away the right to file a petition in error without leave, took effect from and after the first moment of the day of its passage though in fact, not signed by the presiding officers until some time towards the close of the dayr, and, therefore, it was in force during all of that day, and no petition in error could, o.n that day, be filed without leave. ' ...
2nd. If this is not so, then the journals of the two houses of the legislature show the act was, in fact and in law, passed on the 17th, though not enrolled and signed until the next day, and therefore an action commenced on the 18th was after the act passed and took effect! Assuming, without deciding, that the repealing statute did not take effect until the 18th, the point to be determined remains, was the petition in error filed after it took effect or before % If before it took effect then by section 79 of the Revised Statutes it was..a pending case under original section 6710, and the repeal did not affect it; but if after, then leave must be obtained and the motion is well taken. • - . -
This act wu>s passed and took effect from and after its pas: sage. On the same day the petition in error was filed. Which *576 was first in point of time on tliat day, we are not advised by proof. As there is no law requiring that the exact time in the day shall be noted of the passage of an act, or the commencement of an action, there is no record evidence of the fact, but resort may be had to other proper proof. If we were advised of this fact, it would doubtless be proper to disregard the maxim that the law knows no fractions of the day, and to determine as a fact the exact time during the 18th day of April, the petition was filed, and the act was passed, and if the former was first in time to hold that the repealing statute, in view of the provisions of section 79, did not affect it, though it relates to the remedy merely.
This would seem to follow from the terms of art. 11, sec. 28, of the constitution, which provides that the general assembly shall have no power to pass retroactive laws; and from the provision of section 79 of the Revised Statutes, which provides that a repeal or amendment of an existing statute, even as to the remedy, shall not affect a pending action unless it is expressly so provided in the repealing statute.
These provisions would seem to apply as well to parts of a day as to whole days.
A law passed in the latter part of a day, if it affected transactions of the earlier part of the day, would be retroactive in its operation as fully as if they took place the day before. So I think if this petition in error was filed on the same day, but before the repealing statute was passed and took effect, it would be a pending case within the meaning of section 79 R. S. The rule that the law never regards the fractions of a day is only observed for the purposes of justice, but when its application would defeat a vested right, or otherwise work injuriously, it will not be applied. Thus in Seaman v. Eager, 16 Ohio St. 209, it was held, that the exact moment in a day might be resorted to, to determine the rights of parties arising under the acts relating to the filing and refiling of a chattel mortgage, and that time is to be counted from the moment of such filing, and not from the day. The same rule was applied in Follett v. Hall, 16 Ohio, 111, where a mortgage was filed on the first day of a term of court, but before the court cont vened. So where an attachment was sued out at seven o’clock, *577 p. sac., of March 8th, and a petition in bankruptcy was filed at two o'clock and fifty minutes in the afternoon of the 8th of July, it was held, that as the bankrupt act dissolved all attachments within four months before the commencement of proceedings in bankruptcy, and as the actual time was less than four months by four hours and ten minutes, the attachment must fall. Westbrook Man. Co. v. Grant, 60 Maine, 88. The same rule has been applied when it becomes important to ascertain the order in which two or more statutes bearing the same date were passed. Bishop on Written Laws, § 29. To the same effect are: National Bank v. Burkhart, 100 U. S. 686; Lang v. Phillips, 27 Ala. 311. So where there are two statutes containing repugnant provisions, the one last signed by the governor is a repeal of the one previously signed. Southwark Bank v. Commonwealth, 26 Pa. St. 446. And in People ex rel. v. Clark, 1 Cal. 406, it was held, that a statute which was to take effect from and after its passage, takes effect from the moment it is approved by the governor, and for the purpose of determining the right of a person to an office, it is competent to inquire at what particular point of time in the day it took effect. See also Gardner v. The Collector, 6 Wall. 499, where it is said to be settled on principle as well as authority, that whenever a question arises in a court of law as to the time when a statute takes effect, appropriate proof may be resorted to, to determine when the act took effect, that is, the exact time in the day.
No such proof was offered in the case at bar. If the plaintiff in error relies on the fact that his action was pending on the 18th before the actual time of the passage of the statute in question, he must, in order to defeat the presumption that it went into effect the first moment of that day, show that his. petition was first filed. This he has not done, and wo are left to the presumption that arises from the date of the act.
As section 6710 relates to the remedy merely, we are not embarrassed by any question of vested rights, or by the provision of the constitution, art. 11, sec. 28, relating to retroactive laws. His right, if he has one, arose under original section 6710, and is saved by section 79, which saves pending actions in ease of a repeal of a statuté relating to the remedy. *578 This statute took effect “ from and after its passage,” and not from and after a day named in the act. ' The day it was enacted is to be included. When the computation is to be made from an act done, the day on which it is done is included. In this respect it differs from a statute repealing a former statute on the same subject, which is to take effect from and after a day named therein. In that ease it does not take effeet until the expiration of the day named. Koltenbrock v. Cracraft, 36 Ohio St. 584.
By its terms the act took effect on the ISth and not on the 19th of April, and the presumption arises, in the absence of any proof of the exact time of that day on which it was passed, that it took effect from the first moment of that day.
Formerly in England the rolls of parliament were strung together as one act, the only date being that of the assembling of parliament. In that case the presumption was that the act took effect fz’om the fiz'st day of the session, the record being the sole guide. Latters v. Patten, 4 D. & E. 660.
The act of 33 Geo. III., c. 13, pz-ovided that after 1793, the day of the royal assent to an act was required to be izidoz’sed on the act, and the date of that indorsement fixed the day the act should take effect, and by construction the act took effect from the first momezrt of that day. Tomlinson v. Bullock, 4 Q. B. D. 230.
The rule thus stated, governs, except whez-e sozne provision of law is violated, or when adherence to it would work injustice. When this would result, the fiction that the law knows zio fraction of a day would yield to proof of the exact time in the day an act was passed. But as no case is made by the plaintiff in error to enfoz’ce this principle, we are left to the-ordinazy presumption that the act of April 18 took effect from the commencement of that day, and, therefore, there was no “pending case ” when it took effect. Bishop on Written Law, chap. IV, and notes; Arnold v. United States, 9 Cranch, 104; In Re Wyman, Chase Dec. 227; National Bank v. Burkhart, 100 U. S. 686; Matter of Richardson, 2 Story, 571.

Motion sustained.