D. D. G. DUNCAN vs. FRANCIS H. COBB, impleaded, etc.

November 29, 1884.

Statute of Limitation — Foreclosure by Advertisement — When to be Completed. — Chapter 52, Laws 1871, limiting the right to foreclose mortgages by advertisement to the period of 10 years after the maturity of the mortgage, was by its terms to take effect and be in force one year from and after its passage. It was approved March 6, 1871. *Held:* *First*, that the limitation became operative on the 7th day of March, 1872; *second*, that upon the publication of the act it became effectual as notice to all persons that the limitation would go into effect at the time indicated; *third*, that the period of about eight months after the publication, before the limitation became operative, afforded a reason-

able time for the foreclosure of mortgages already matured; *fourth,* that foreclosure proceedings commenced by the first publication of the notice prior to March 7, 1872, and prosecuted to completion after that date, were invalid, the mortgage not being "foreclosed" within the period limited.

Action in the district court for Hennepin county, to determine the adverse interest of defendants in vacant lots in Minneapolis. At the trial, before *Lochren,* J., without a jury, it appeared that on December 17, 1857, defendant Cobb was owner in fee of the lots, and on that day mortgaged them to plaintiff, the mortgage containing the usual power of sale and being duly recorded. The plaintiff's title rests on proceedings for foreclosure of this mortgage by advertisement. The first publication of notice of sale was March 6, 1872, and the notice was regularly published for the statutory six weeks, and the sale took place pursuant to the notice on April 20, 1872, the plaintiff becoming the purchaser, and receiving the sheriff's certificate, which was recorded April 22, 1872. The statutory year for redemption had long since expired when the action was brought.

It was objected that the foreclosure proceedings were not begun or completed within the period limited by Laws 1871, *c.* 52, quoted in the opinion. The objections were held not well taken, and judgment was ordered and entered for the plaintiff, from which the defendant Cobb appeals.

*Worrall & Jordan* and *C. J. Bartleson,* for appellant.

*Rea, Kitchel & Shaw,* for respondent.

Foreclosure by advertisement, though not an action, is yet a remedy, and the rule as to application of statutes of limitation is the same whether the remedy is by action or by proceedings *in pais.* *Archambau* v. *Green,* 21 Minn. 520. The rule is general that the first step in the enforcement of a remedy is all that need be taken within the statutory limit to avoid the statutory bar. *Wofford* v. *Unger,* 53 Tex. 634; *Emory* v. *Keighan,* 88 Ill. 482; *Updike* v. *Ten Broeck,* 32 N. J. Law, 105; *Young* v. *Hare,* 11 Humph. (Tenn.) 303; *Bacon* v. *Gardner,* 23 Miss. 60; *Bank of United States* v. *Lyles,* 10 Gill & J. (Md.) 326.

But if the foreclosure must be completed within the time limited in

the statute, then the statute (which was passed March 6, 1871, to take effect one year thereafter) is void as to this and like mortgages, for it could not have been completely foreclosed within that period, for a foreclosure is not complete until the end of the year for redemption from the sale. *Donnelly* v. *Simonton,* 7 Minn. 110 (167;) *Loy* v. *Home Ins. Co.,* 24 Minn. 315; *Lindley* v. *Crombie,* 31 Minn. 232.

DICKINSON, J.[1] The only question presented in this case is as to whether the foreclosure by statutory advertisement and sale, through which plaintiff's alleged title was derived, was invalid by reason of the limitation prescribed by the act of March 6, 1871, (Laws 1871, c. 52,) which is as follows: "Section 1. Every mortgage of real estate containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement within ten years after the maturity of such mortgage. * * * Sec. 2. This act shall take effect and be in force one year from and after its passage." The mortgage matured in 1859. The foreclosure was commenced by the first publication of the notice of sale on the 6th day of March, 1872, and the proceedings continued until April following, when the sale was made. The act first became operative as a limitation on the 7th day of March, 1872, and not on the 6th day of that month. The day of the passage of the act should be excluded from the computation of time elapsed before the act went into operation.

The learned court, whose decision is in review, considered that, the foreclosure proceedings having been commenced before the limitation took effect, the foreclosure was valid. We are unable to so construe the statute. When this act had been passed, approved, and published, it became a statute of the state, and all persons are to be thereafter presumed to have had notice of its provisions. Its operation as a law of limitation was postponed for a year from the time of its enactment, but its existence in the mean time as a perfected statute, effectual as notice of its prospective operation, must be regarded as determined in this court by the decision in *Stine* v. *Bennett,* 13 Minn. 138, (153.) See, also, cases cited. The apparent purpose of

[1] Mitchell, J., being absent, took no part in the decision of this case.

the legislature in allowing a year to elapse before the act should become operative, was, as in the legislation considered in *Stine* v. *Bennett,* to afford opportunity to all having existing rights of foreclosure to pursue the remedy before the bar of the statute should intervene. The effect of the act as a statute of limitations is not different from what it would have been if it had declared that it should take effect at the time of its passage, but had designated the 7th day of March, 1872, as the time when the new limitation should become operative.

The time when the act, by its publication, came to have the effect above indicated, is a matter of which courts must take judicial notice. *Berliner* v. *Town of Waterloo,* 14 Wis. 378; *State* v. *Bailey,* 16 Ind. 46; *Pierson* v. *Baird,* 2 Greene, (Iowa,) 235. The destruction by fire of documents in the office of the secretary of state has made it difficult to ascertain the precise time, without more investigation than we deem necessary for the purposes of this case, in the absence of any suggestion that the statute was not regularly and seasonably published. The certificate of the secretary of state appended to the published general laws of that year, which he was required to make, and which, as we understand, is made after the final corrected proof of the state printer has been compared with the original statutes, bears date May 25, 1871. It is to be presumed that at least within 70 days after that time the printed laws were placed in the hands of the secretary of state for distribution, as required by law, and that the secretary forthwith performed his duty in that regard. The statute required the delivery of the printed laws within 70 days after the manuscript copy had been delivered to the printer. Laws 1868, *c.* 46, § 14. We presume, then, that publication was completed as early, at least, as the early part of July, thus leaving about eight months before the limitation took effect. This time in which to carry into effect the right of statutory foreclosure we do not deem unreasonable and insufficient, so that the statute should be declared unconstitutional or inoperative in this case.

The validity of the act, as a statute of limitation, was sustained in *Archambau* v. *Green,* 21 Minn. 520.

In imposing this limitation in respect to the right of foreclosure, the legislature has used language, the natural import of which is in-

consistent with the theory of construction that the commencement of the proceedings within the time limited avoids the bar of the statute. A mortgage is not "foreclosed" by a publication of a notice of sale. In no sense, either popular or technical, can that term be applicable until a sale of the property has been effected. The acts to be done prior to the sale are of no effect if no sale be made. They are conditions to be performed before the mortgagee is authorized to sell. The exercise of the power conferred upon the mortgagee, and which is regulated by statute, consists essentially in the sale, and not in the publication of notices. We cannot declare the import of the statute to be that foreclosure proceedings commenced within 10 years may be completed thereafter, without giving to the word "foreclosed" a meaning which it does not bear in its popular use, and which is not its true signification. That would be legislation, not construction.

It is suggested that foreclosure is not perfected until the lapse of the year given for redemption from the sale, and that the act did not give time to perfect such a foreclosure before the time when, by its terms as we have construed it, the limitation went into operation. We think the legislature did not use the word "foreclosed" in such a sense, but in the popular sense above indicated; that is, as referring to the foreclosure sale, and embracing, of course, the necessary precedent conditions required by the statute. *Beal* v. *White*, 28 Minn. 6.

This mortgage was not "foreclosed" prior to the time when the statutory limitation became operative. Foreclosure proceedings had only been commenced. What was done after that time was unauthorized.

Judgment reversed, and new trial awarded.