WILLIAM D. PARKINSON *vs.* A. BRANDENBURG.

June 11, 1886.

**Statute—Time of Taking Effect.**—Where a statute provides that it shall take effect "from and after its passage," in computing the time when it takes effect the day of its passage is to be excluded.

**Same—Held not Retroactive.**—Laws 1885, *c.* 70, is not retrospective in its operation, so as to affect levies made prior to its passage on attachments issued out of justice's court.

The plaintiff, having been duly appointed assignee of B. N. Johnson and Gustav O. Dahl, insolvents, brought this action in the district court for Otter Tail county, to recover damages for the alleged conversion of certain property of the insolvents. The defendant justified his taking as sheriff under writs of attachment issued from a justice's court on February 27, 1885, under which he levied upon the property on the same day. The action was tried without a jury before *Baxter,* J., who held the levies made on February 27, 1885, were dissolved, under the provisions of Laws 1885, *c.* 70, upon the appointment of plaintiff as assignee, and ordered judgment for plaintiff. Defendant appeals from an order refusing a new trial.

*John P. Williams,* for appellant.

*E. E. Corliss,* for respondent.

MITCHELL, J.   The question here is whether the levy made on February 27th, under writs of attachment issued out of justice's court, was dissolved by the assignment under the insolvent law, executed March 2d, by the defendants in the writs, Johnson & Dahl. This involves the question whether chapter 70, Laws 1885, took effect on the twenty-seventh or on the twenty-eight of February. The act was passed February 27th, and was, by its terms, to "take effect, and be in force, *from and after its passage.*" In *Duncan* v. *Cobb,* 32 Minn. 460, (21 N. W. Rep. 714,) this court, in considering a statute which was to take effect "one year from and after its passage," held that in computing this period of one year the day of the passage of the act should be excluded. This would seem to be decisive of the present

case. But as the point was decided without much consideration, and was not necessarily involved in the determination of the case, we would not feel compelled to adhere to this rule, if, on fuller consideration, we were convinced that it was wrong.

Undoubtedly the great weight of authority is to the effect that a statute which is to take effect "from and after its passage" takes effect upon the day of its passage. *Arnold* v. *U. S.*, 9 Cranch. 104; *Matthews* v. *Zane*, 7 Wheat. 164, 211; *Mallory* v. *Hiles*, 4 Metc. (Ky.) 53; *People* v. *Clark*, 1 Cal. 406. The reason usually assigned for this is that it is in accordance with the general rule that when a computation of time is to be made from an act done, the day on which the act is done is to be included. *Arnold* v. *U. S.*, *supra; Mallory* v. *Hiles, supra.* And yet the general and now prevailing rule is that where the computation of time, as prescribed in statutes, is to be made from an act done, the first day—that on which the act is done —is to be excluded. Sedg. Stat. Law, 356; Smith's Comm. § 616; *Bigelow* v. *Willson*, 1 Pick. 485.

How this rule is to be reconciled with that suggested in *Arnold* v. *U. S.* and *Mallory* v. *Hiles, supra,* we have never been able clearly to understand. It may well be doubted whether any inflexible rule can be laid down as of universal application to all classes of cases. The word "from" may in vulgar use, and even in strict propriety of language, mean either "inclusive" or "exclusive." It must always depend upon the context and subject-matter whether it shall be inclusive or exclusive of the *terminus a quo. Pugh* v. *Duke of Leeds,* Cowp. 714, 719. It seems to us that the words "from and after," as used by the legislature in this connection, are words of exclusion. And if a day is to be deemed an indivisible point of time, and, in accordance with the general rule, fractions of a day disregarded, it logically follows that the day of the passage of the act should be excluded. The expressions "from its passage" and "from the *day* of its passage," like the expressions "from the date" and "from the *day* of the date," are synonymous, (*Bigelow* v. *Willson, supra; Pugh* v. *Duke of Leeds, supra;*) and if a day is an indivisible point of time, there can be no distinction between a computation from an act done and a computation from the day on which the act was done.

It therefore seems to us that when a legislature declare that an act shall take effect "from and after its passage," or "from and after the day of its passage," it may be fairly presumed that they use these terms as exclusive of the day of the passage of the act. This furnishes a certain and convenient rule, which avoids serious practical difficulties resulting from holding that the day of the passage of the act is to be included. Some of the authorities which hold that such a statute takes effect on the day of its passage take the position that it is to be deemed in force from the earliest moment of that day, and that any inquiry as to the exact hour of its passage is inadmissible. *In the Matter of Welman*, 20 Vt. 654; *Mallory* v. *Hiles, supra*. But it would seem wrong in principle that laws designed as rules of conduct should be, by a mere legal fiction, made retroactive, even for a fraction of a day. To avoid this result, the tendency now is to hold that the statute takes effect only from the exact moment of its approval, and that, when necessary to determine conflicting rights, courts of justice will inquire as to the exact hour of its passage. *In the Matter of Richardson*, 2 Story, 571; *People* v. *Clark, supra; Louisville* v. *Savings Bank*, 104 U. S. 469.

The objection to this is that, while all right in theory, it is difficult of application in practice. There is usually no satisfactory means of ascertaining the exact hour at which the executive approved any given statute. The question must generally be decided on mere conjecture, or by indulging in presumptions, as in *Kennedy* v. *Palmer*, 6 Gray, 316. It certainly does not seem fit or proper that the time of the commencement of a law, whenever the question arises, should be left to depend upon the uncertainty of parol proof, or upon anything extrinsic to the law itself and the authenticated recorded proceeding in passing it. By excluding the day of the passage of the act, and holding that it takes effect at the beginning of the following day, all these practical difficulties are avoided, and a rule established which is not only certain and convenient, but, as we think, entirely in accord with recognized canons of construction. It is also in harmony with the usual method of computing time in other cases. We therefore see no good reason for receding from the rule laid down in *Duncan* v. *Cobb, supra*.

It is not necessary to consider whether the legislature could, by making this statute retroactive, have affected attachment liens acquired prior to its passage. It is sufficient here to say that statutes are not to be construed as retroactive unless by their language it clearly appears that they were so intended to be. No such intent appears from the language of this act.

Order reversed.