[L. A. No. 6343. Department Two.—December 28, 1920.]

CORA B. DORR, Executrix, etc., Respondent, v. ROBERT MARSH et al., Appellants.

[1] MUNICIPAL CORPORATIONS—TIME OF TAKING EFFECT OF ORDINANCE —PUBLICATION—CHARTER.—A municipal ordinance levying a tax becomes effective immediately upon its publication and not on the next day, under a charter provision declaring that it shall not be effective until published at least once or posted, as the case may be.

APPEAL from a judgment of the Superior Court of Los Angeles County. Affirmed.

The facts are stated in the opinion of the court.

Woodruff & Schoemaker for Appellants.

Kemp, Mitchell & Silberberg and Alex W. Davis for Respondent.

WILBUR, J.—Plaintiff recovered judgment against the defendants for rent and taxes alleged to be due under a lease between plaintiff's testatrix as lessor and the defendant Robert Marsh as lessee. It is conceded that $1,201 rent is due from appellants, but appellants contend that the balance of the judgment for taxes is erroneous, for the reason that the taxes were not levied until September 1st, while the lease, appellants claim, terminated at midnight August 31, 1917. The ordinance of the city of Los Angeles levying the tax was passed August 28th, approved August 29th, and pub-

lished August 31st. The charter of the city of Los Angeles (sec. 39, Stats. 1889, p. 465) provides that the ordinance shall not be effective until published at least once or posted, as the case may be. Appellants' position is that the ordinance did not become effective immediately upon its publication, but as the law takes no account of fractions of days, it could only become effective on the next day. In support of this contention, appellants also cite a number of cases wherein it is held that a publication or posting for one or more days or weeks is not completed until the expiration of the number of days or weeks. These cases, however, have no application to the situation here, where the taking effect of the ordinance is merely suspended until publication, but the situation is analogous to a case where a statute takes effect upon passage. In Sutherland's Statutory Construction, second edition, it is said, notwithstanding the legal fiction that the law takes no notice of fractions of a day, that "The weight of American authority is that a statute which is to go into effect immediately is operative from the instant of its passage" (sec. 179, p. 320). The rule is thus stated in Cyc.: "The rule that a statute shall take effect from its passage has usually been construed to make it effective from the time it has passed through all the forms required by the constitution to give it force and validity. Thus, where the approval of the governor is required, it takes effect from the time of receiving such approval; . . . In the jurisdictions where statutes take effect from their passage, it has been generally held that a statute takes effect on the day of the final enactment, without allowing any time for its publication or for its provisions to become known, even though provision is made by general law for the publication of statutes; but in some cases the day of approval has been excluded and the statute given effect at the first moment of the following day." (36 Cyc. 1197.) In the same section it is said: "As a general rule, the law does not take notice of fractions of a day, and therefore a statute which takes effect from its passage, or approval, relates back and becomes effective from the first moment of the day on which it is passed, or approved; but this doctrine of relation is only a legal fiction, and wherever its application would cause injustice, the act will be given effect only from the moment of its approval." (36 Cyc. 1198, 1199.) In *People* v. *Clark*, 1 Cal. 406, and *Davis* v. *Whidden*, 117 Cal.

618, [49 Pac. 766], this court held that a statute took effect immediately upon its approval.

[1] As the only thing necessary to render the ordinance effective was its publication, it seems clear that the ordinance went into effect immediately upon publication and was, therefore, in effect on the thirty-first day of August, 1917. Inasmuch as the tax levy was made during the term of the lease, the defendants are liable therefor.

Judgment affirmed.

Lennon, J., and Sloane, J., concurred.