---

## J. F. MUSHEL v. BOARD OF COUNTY COMMISSIONERS OF BENTON COUNTY, ETC.[1]

May 26, 1922.

No. 23,024.

When statute takes effect — resolution of county board on day of approval premature.

1. Where by the terms of an act it is to take effect and be in force "from and after its passage," it takes effect at the beginning of the day following its passage. Parkinson v. Brandenburg, 35 Minn. 294, and other decisions, adhered to. A resolution of a county board pursuant to a legislative act, passed on the day of the approval of the act by the Governor, is premature.

[1]Reported in 188 N. W. 555.

Finding sustained by evidence.

    2. Evidence *held* to sustain a finding that a resolution prematurely passed by a county board was, in effect, later readopted.

Public Highway Act of 1921—issue of bonds theretofore authorized.

    3. The proviso in the Public Highway Act of 1921 saving proceedings instituted for the construction of any road under statutes which the act repealed, saved the right to complete an issue of bonds authorized before the repeal, in aid of construction of roads, proceeding for which had been commenced before the repeal.

Action in the district court for Benton county to enjoin the issue of $250,000 of bonds of the county for improvement of State Roads 1 and 4. The case was tried before Roeser, J., who denied the injunction. From the order denying the injunction, plaintiff appealed. Affirmed.

*Elmer Williams*, for appellant.

*Clifford L. Hilton*, Attorney General, *C. H. Christopherson*, Assistant Attorney General, and *E. W. Swenson*, County Attorney, for respondents.

HALLAM, J.

This action was brought by plaintiff, a resident and taxpayer in Benton county to enjoin a proposed issue of $250,000 of bonds of the county for the permanent improvement of the portion of State Roads numbered One and Four being within said county. The court after a trial on the merits denied the injunction. From the judgment entered plaintiff appeals. The facts are as follows:

1. In 1919 the legislature passed an act, chapter 265, p. 276, Laws 1919, which authorized the issuance of county bonds for permanently improving state roads within the county. The act contained a provision that no issue of bonds in excess of $150,000 and not more than $250,000 should be made except upon the unanimous vote of the county board and further provided that "no bonds shall be issued hereunder unless authorized by resolution of the county board adopted prior to January 1, 1921."

By its terms the act was to take effect and be in force "from and after its passage." The act was "approved April 15, 1919," by the Governor. On the same day and after the approval of the act by the Governor, the county board of Benton county unanimously passed a resolution authorizing the issue of $250,000 of bonds of the county for the improvement of State Roads One and Four. No other resolution was passed prior to January 1, 1921, but the court found that in October, 1919, the county board by unanimous vote let a contract for the construction of a bridge on State Road Number Four at a cost of $4,380; that during the period from April 15, 1919, and January 1, 1921, the county board caused surveys, plans and specifications for the permanent improvement of said roads to be made at a cost of several thousand dollars preparatory to letting of. contracts for the construction and permanent improvement of said roads, all in anticipation of said bond issue, and made appropriation "from moneys received from the sale of bonds * * * when available, to pay therefor;" that in March, 1920, the county board decided unanimously to delay the improvement until after the 1920 general election and until the state commissioner of highways should be ready to co-operate with the county board in the construction thereof, and decided that the bonds referred to in the resolution "should be offered for sale at or about the time that the contracts for such improvements should be awarded," and that such action of the board was made a matter of record in the official proceedings of the board. The court then found that the county board did, by these various official acts and by the expenditure of moneys specified, "in all things repeatedly ratify and confirm the said resolution adopted by them on the 15th day of April, 1919, and did for all purposes thereby readopt and repass the same."

The difficulty in this case arises from the fact that the resolution authorizing the issuance of the bonds was adopted the same day the act of the legislature authorizing it was passed. The county board went on the assumption that, since the act by its terms was to take effect from and after its passage, it took effect as law from the moment of its approval by the Governor. This court held, however, in Parkinson v. Brandenburg, 35 Minn. 294, 28 N. W. 919, 59

Am. Rep. 326, that where a statute provides that it shall take effect "from and after its passage" that means from and after the day of its passage or on the beginning of the following day, and the court declined to take into account fractions of a day, treating a day as "an individual point of time." This decision reaffirmed a previous decision to substantially the same effect, Duncan v. Cobb, 32 Minn. 460, 21 N. W. 714, and both were reaffirmed in Whiteman v. Severance, 46 Minn. 495, 49 N. W. 255, under a state of facts similar to those in the case at bar.

If the question were an open one, we should have serious doubts as to the correctness of the rule adopted in the Parkinson case. It is contrary to the weight of authority and to the decisions of the Supreme Court of the United States as the decision itself plainly shows. The rule that in such cases the law will not take into account fractions of a day was repudiated in Syndicate Printing Co. v. Cashman, 115 Minn. 446, 132 N. W. 915, where it was held that where two inconsistent statutes are approved on the same day the court will ascertain which was passed last and will hold that the one passed last repeals the other, and in arriving at its conclusion will presume that they were passed in their numerical order. On the other hand, since this decision was rendered, the legislature has met more than 20 times. At any session the legislature might have changed the rule, but it has not done so. On the contrary, when it adopted the code of 1905 it provided that every act of the legislature which does not expressly declare when it shall take effect shall be in force "from and after" its approval by the Governor. R. L. 1905, § 5510; G. S. 1913, § 9408. The words "from and after" were doubtless used with knowledge of the judicial construction that had been placed upon them in the cases cited and the same construction was doubtless contemplated in the new use. A majority of the court are of the opinion that the Parkinson case should not be overruled.

2. We are of the opinion, however, that the finding of the trial court that the county board "did for all purposes  *  *  *  readopt and repass" the resolution of April 15 is sustained by the evidence. It seems to us that the determination of the board in March, 1920, made of record in the official proceedings of the board, that the

bonds referred to in the resolution "should be offered for sale at or about the time that the contracts for such improvements should be awarded" may well be construed as a readoption of the resolution. The form in which the board expressed itself was not of vital consequence. It is the substance that controls. Steenerson v. Fontaine, 106 Minn. 225, 119 N. W. 400.

3. Chapter 265, p. 276, Laws 1919, was repealed by "The Public Highways Act of Minnesota." Chapter 323, p. 406, Laws 1921. Plaintiff contends that, since the issue of bonds was authorized only by an act which has been repealed, they cannot now be issued at all. This contention would be good were it not for the saving clause in the act of 1921. That clause provides (section 79) that the repeal "shall not affect * * * any proceeding which at the time of the passage of this law has been instituted for the establishment * * * construction or repair of any road * * * or the collection and enforcement of any taxes levied or assessed for road purposes." We are of the opinion that this proviso is broad enough to save to Benton county the right to issue these bonds. We think that the acts done by the county board were such that it may be fairly said that, at the time of the passage of the act of 1921, a proceeding had been instituted for the construction of State Roads One and Four, and that the bond issue was an essential part of that proceeding.

Judgment affirmed.