IN RE THE REPRESENTATION VACANCY.

William A. Pirce was by the General Assembly of Rhode Island declared to have been, November 4, 1884, elected a representative in the Forty-ninth Congress. The House of Representatives, January 25, 1887, resolved that he was not elected, that the seat was vacant, and that neither he nor any other person received a majority of the legal votes cast at the election of November 4, 1884.

*Held*, that it was a case in which " vacancies happen in the representation," under article I. section 2, of the Constitution of the United States.

*Held*, further, that the governor had power to issue a writ of election to fill the vacancy.

Pub. Stat. R. I. cap. 11, § 6, applies only when the count of ballots in the General Assembly shows a failure to elect. In Pirce's case the General Assembly declared him elected, and therefore could not order a new election under § 6.

THE Public Statutes of Rhode Island, cap. 11, §§ 5, 6, are : —

" SECT. 5. The ballots given in at such elections (*i. e.* of representatives in Congress) shall be returned to the General Assembly at its session next ensuing such election, and those given in each district shall be separately counted ; and the candidate having a majority of legal votes therein shall be declared elected, and shall be furnished by the governor with a proper certificate thereof.

" SECT. 6. If no person have such majority, the General Assembly shall order a new election at such time as they shall deem most expedient ; and the ballots given in at such election shall be returned to, examined, and counted by, the General Assembly, or by the governor, at such time as the General Assembly shall direct ; and the candidate in each district having a plurality of the legal votes given in at such second election shall be declared elected, and shall receive a certificate accordingly."

Under article X. section 3, of the Constitution of the State, which provides that " the judges of the Supreme Court . . . shall . . . give their written opinion upon any question of law whenever requested by the governor, or by either house of the General Assembly," the governor addressed the following communication to the justices of the court : —

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,
PROVIDENCE, *February* 4, 1887.

*To the Honorable Judges of the Supreme Court :*

I have the honor to represent, —

1. That William A. Pirce was by the General Assembly de-

clared to have been duly elected, November 4, 1884, a representative in the Forty-ninth Congress of the United States from the Second Congressional District of this State.

2. That the national House of Representatives, on the 25th day of January, 1887, adopted a resolution in the words following, viz. :

" *Resolved*, That William A. Pirce was not elected a member of the House of Representatives from the Second Congressional District of Rhode Island, and that the seat be declared vacant."

3. That the reason for the adoption of said resolution was, as appears from the report of the majority of the House Committee on Elections, and from the records of the House of Representatives, that no one of the candidates at said election received a majority of the legal votes given in at said election, and that there had been no election in accordance with the laws of this State.

4. That the Constitution of the United States, article I. section 2, provides : " When vacancies happen in the representation from any state, the executive authority thereof shall issue writs of election to fill such vacancies."

5. That the Public Statutes, chapter 11, section 6, provide that, if no person have a majority of the legal votes for representative in Congress, the General Assembly shall order a new election at such time as they shall deem most expedient.

Under the provisions of article X. section 3, of the Constitution, I request the opinion of your Honors whether the above resolution of the House of Representatives creates a vacancy within the meaning of article I. section 2, Constitution of the United States, and so imposes on the governor the duty of issuing a writ of election as required by that section, or whether it is a case in which the General Assembly should order a new election under the provisions of said chapter 11, section 6, of the Public Satutes.

GEORGE PEABODY WETMORE, *Governor*.

OPINION OF THE COURT.

*February* 9, 1887.

*To His Excellency George Peabody Wetmore, Governor of the State of Rhode Island and Providence Plantations :*

We have received from your Excellency a communication re-

questing our opinion on a question stated therein. The statement is that William A. Pirce was by the General Assembly declared to have been elected November 4, 1884, a representative in the Forty-ninth Congress of the United States from the Second Congressional District of this State, and that January 25, 1887, the national House of Representatives adopted a resolution declaring that said William A. Pirce was not elected, and that the seat was vacant, the reason being that neither said Pirce nor any other person received a majority of the legal votes cast at said election of November 4, 1884. Your question is, " whether said resolution creates a vacancy within the meaning of article I. section 2, of the Constitution of the United States, and so imposes on the governor the duty of issuing a writ of election, as required by that section, or whether it is a case in which the General Assembly should order a new election under the provisions of Pub. Stat. R. I. cap. 11, § 6.

We do not think the statement shows a case for the action of the General Assembly under chapter 11, section 6 ; for in our opinion section 6 has reference to the preceding section, and is intended to apply only when the count in the General Assembly, provided for in the preceding section, shows a failure to elect. After such a count, according to your statement, the General Assembly declared that William A. Pirce was elected, and therefore it could not order a new election under section 6.

We pass to your alternative inquiry. The language, article I. section 2, of the Constitution of the United States referred to, is as follows, to wit : —

" When vacancies happen in the representation from any state, the executive authority therefor shall issue writs of election to fill such vacancies."

There can be no doubt that a vacancy exists ; the only question is whether a vacancy which exists by reason of a failure to elect is, within the meaning of the provision above quoted, a vacancy which has *happened* in the representation, since the word *happen* may be thought to import vacancy occurring in the course of the representation after it has been filled. We think it is, even under such a construction, for we suppose we may assume that William A. Pirce received a certificate of election, and that on the faith of

it he was admitted to a seat in Congress, which he continued to occupy, as representative *de facto* at least, until the seat was declared vacant by the resolution aforesaid. We think, therefore, that your Excellency has power, under the provision above quoted, to issue a writ of election to fill the vacancy, and, having the power, we think it is for your Excellency to decide whether, considering how soon the Forty-ninth Congress will terminate, it is your duty to exercise it.

<div style="text-align:right">

THOMAS DURFEE,
CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR.