## D. T. QUEALY v. LOUIS P. WARWEG.[1]

November 20, 1908.

Nos. 16,039—(268).

**Certificate of Nomination.**

The provision of the election law which requires that the certificate of nomination shall contain the name of the person nominated, the office for which he is nominated, and the party or political principle which he represents, should be liberally, and not technically, construed, so as to effectuate the legislative intention, and to secure to the people their right to freely express their choice.

**Proper Emblem for Candidate.**

The expression "Independent party" is held to be a proper emblem for a candidate nominated by petition.

**Valid Certificate.**

A certificate signed by voters, which recites that the voter was sworn and knew the contents and the purposes of the certificate, and signed the same of his own free will, in which the form of jurat was "subscribed and sworn to before me," is held to be valid.

**Omission not Fatal.**

The fact that it did not appear upon that certificate that the persons signing it had not voted at a primary election for any nominee to an office for which a nominee was voted for at that election is held not to have invalidated the certificate.

D. T. Quealy, who alleged that he was duly nominated by a majority of votes of the Democratic party in Dakota county for the office of county treasurer of that county and was a candidate on the Democratic ticket for election to that office, petitioned the district court of that county for an order restraining the county auditor of that county from placing the name of Louis P. Warweg on the official ballot to be used at the general election on November 3, 1908, as a candidate of the Independent party for the office of county treasurer. The matter having been heard upon the return of an order to show cause, the court, Williston, J., found that Warweg was not entitled to have his name placed on the official ballot as the

[1] Reported in 118 N. W. 673.

106 M.—10

Independent or any other candidate for the office of county treasurer. From this order, Louis P. Warweg appealed. Reversed.

*Hodgson & Lowell,* for appellant.

*Thos. C. Daggett,* for respondent.

JAGGARD, J.

On petition of the regular party nominee for the office of county treasurer of Dakota county, the trial court ordered, among other things, that the county auditor be restrained from placing upon the official ballot to be used at the coming election the name of one Louis P. Warweg as a candidate to be voted for for that office. In October, 1908, a purported petition nominating the said Warweg as a nominee of the Independent party was filed. The petitioner contended that the purported petition was void in law for three principal reasons. Their correctness is the substance of this appeal.

1. The election law, § 214 (R. L. 1905), so far as here involved, requires that the certificate of nomination, which may consist of one or more writings, shall contain the name of the person nominated, the office for which he is nominated, and the party or political principle he represents, expressed in not more than three words. It has been previously held that a petition (certificate) which wholly fails to set forth any party or political principle which the candidate represents is void, because the statute is mandatory, and must be complied with in every essential respect. State v. Grift, supra, page 29, 117 N. W. 921. That case did not involve the propriety of any attempted statement of a party or political principle represented. The question is a new one in this state. The statute must be liberally construed so as to effectuate legislative intention and to fully secure to the people their right to express their choice. A technical construction of the language used would be objectionable on general principles, and tend to subvert the purposes sought to be attained. That purpose was evidently to secure a designation of a party or political principle which would be sufficient inter alia to prevent the candidate from unfairly posing to one person as of his party and to other persons as of their respective parties. All that the statute requires in this regard is a declaration of political principle. Independence in politics is a familiar and recognized principle. Accordingly,

when the present candidate used the term "Independent party," he was within the spirit of the law. It is not material whether that designation be regarded as describing the "party," or whether the word "party" be regarded as merely surplusage. An appropriate emblem was used. See Schafer v. Whipple, 25 Colo. 400, 55 Pac. 180.

2. Section 216, R. L. 1905, is as follows: "Following the facts required to be stated in each certificate signed by voters, shall be written or printed an oath in the following form: 'I solemnly swear (or affirm) that I know the contents and purpose of this certificate, and signed the same of my own free will.' Each signer, at the time of signing, shall be sworn as aforesaid." In the case at bar the petition signed contained this clause: "I solemnly swear that I know the contents and purpose of this certificate, and sign the same of my own free will." The certificate attached, after setting forth the number of voters, used the current formula: "Subscribed and sworn to before me." This was followed by a statement of different days in October. The certificate was signed by a notary public or a justice of the peace whose official title was correctly given. This jurat has the sanction of general use for an indefinite period of time. Within the rule of construction previously stated, the certificate sufficiently complied with the law. The fact of taking the oath is the important thing—not the form of certifying to it, nor the date of the certificate, nor of the taking. The jurat on each paper of this certificate shows that each and all the voters were sworn.

3. Section 215, R. L. 1905, provides, inter alia: "No person who has voted at a primary shall be eligible as a petitioner for any nomination to an office for which nominees were voted upon at such primary." This provision was not in the original election law of 1893, of which the sections quoted are a revision, but was inserted by chapter 90, p. 112, Laws 1903. The petition in the case at bar followed the statutory form, but did not state that the persons who had signed it had not voted at the primaries. This, it is urged with particular earnestness, avoided it. It is elementary that statutes must be construed as a whole. Therefore, where provisions of a statute formulating prerequisites to the accrual of a property right are not included in the statutory form afterwards prescribed for asserting that right,

the use of that form does not create an interest. Thus one section of the mechanic's lien law prescribed by the act of 1878 prescribed a certain essential of a mechanic's lien. In the statutory form provided for by a subsequent section, this requirement was not referred to. This court, reading the two sections together, very properly held that a statement claiming a mechanic's lien was void unless it conformed to the statutory form, and also set forth the requisite not contained in that form. The cases of that kind, however, involve the assertion of an adverse property right. In the case at bar no property right was involved, but only the free expression of the popular will with respect to nominations for a public office. It would undoubtedly have been a wise and a proper provision that the certificate should be required to state that the signer had not voted at the primary election. The statute, however, does not contain it. It would be judicial legislation to insert it. Moreover, the objection is technical in character. In case the provision of section 215 had been inserted in the certificate, the burden would have been upon the petitioner to show that the person signing had voted at the primary. The opportunity to attack the present certificate on that ground is now open to him.

Some other minor matters appear in the record, but were not pressed in argument and call for no special consideration here. They are of no substantial merit.

Reversed.