## CHARLES J. JOHNSON v. MIKE HOLM.[1]

October 24, 1936.

No. 31,194.

S. S. Smith and Floyd N. Warner, for petitioner.

Harry H. Peterson, Attorney General, and David J. Erickson, Assistant Attorney General, for respondent.

[1] Reported in 269 N. W. 405.

Devaney, Chief Justice.

Petition by Charles J. Johnson, of Round Lake, Minnesota, for an order requiring Mike Holm, as secretary of state of the state of Minnesota, to place the name of petitioner upon the state ballot for the general election on November 3, 1936, as a candidate for the office of governor.

It is the claim of petitioner that there was an attempt on October 3, 1936, to present on his behalf a duly prepared and signed petition of nomination for the office of governor, that the attempt was made at about four o'clock in the afternoon of said day, which was Saturday, and that the office of secretary of state was closed at that time. It is also claimed that two persons having in their possession said petition for nomination came to the state capitol building at about twelve o'clock on the night of October 3 and remained outside the door of said office and kept constant vigil until nine o'clock the following Monday morning, October 5, 1936, at which time the petition was presented. It was refused on the ground that the time for filing such petitions had expired. Nothing further was done until October 22, when petitioner asked this court to compel the secretary of state to show cause why his name was not placed upon the ballot.

1 Mason Minn. St. 1927, § 508, provides:

"No nominations for any office shall be made, either by petition or otherwise within thirty days of the time of holding a general election, except nominations to fill a vacancy in a nomination previously made, or to nominate a candidate for an office in which a vacancy has occurred and for which no person is a candidate."

This statute fixes the time within which petitions for nomination must be filed. In this case the last day was Saturday, October 3, 1936. The office of the secretary of state customarily closes at 12 M. on Saturdays, and the usual custom was followed on the Saturday in question.

The statute is a reasonable one, and it is mandatory. Because in a given case the last day of filing may fall on a Saturday does not mean that the office hours for that day are to be changed. The

closing hour of the office of the secretary of state is a usual one and is well known. The secretary of state was not required to vary from the usual custom on October 3. The petitioner is not entitled to relief because the office of the secretary of state failed to stay open past the usual hour of closing. Compare State ex rel. O'Hearn v. Erickson, 152 Minn. 349, 188 N. W. 736.

Had we discretion in the matter, which we have not, we would deny petitioner the relief asked for because of his failure to present the matter before 19 days after the alleged attempt to file. No attempt is made in the petition to excuse this delay and lack of diligence. This was a matter which should not have been delayed. Good faith and the public interest demanded diligence of those seeking relief. Questions of fact might well arise which would require determination before relief could be granted. Two probable questions of fact are whether or not any effort was made on October 3 to file the petition, and whether or not the petition was signed by duly qualified voters. Those questions could not well be determined at this late date.

So that there may be no doubt hereafter, we are constrained to state that it is the opinion of this court that petitions for nomination must be filed in the office of the secretary of state within the usual office hours, and the questions arising out of disputes on such filings must be presented to this court by petition promptly so that they may be here given proper consideration.

Petition denied.