WENDELL L. LEDIN v. MIKE HOLM AND OTHERS.[1]

October 14, 1938.

No. 31,961.

[1]Reported in 281 N. W. 762.

*Robert B. Gillespie* and *William H. Gurnee,* for petitioner.

*F. L. Palarine,* for Albert A. Lodin, intervener.

STONE, JUSTICE.

Original proceeding under 1 Mason Minn. St. 1927, § 347, to correct an alleged error of the secretary of state in certifying names of candidates for the office of state senator in the 44th legislative district, consisting of Anoka and Isanti counties, and to restrain the two county auditors from printing and distributing ballots according to the erroneous certification.

The state canvassing board found that in this legislative district Albert A. Lodin and Wendell L. Ledin were duly nominated for the office of state senator. In certifying the result to the county auditors the secretary of state added in parentheses after the name of Albert A. Lodin the words "Present Senator, Isanti." The auditors consider it their duty to abide by the ruling of the secretary of state, and this proceeding is necessary to correct the error, if it be such, before the ballots are printed for the general election of November 8, 1938.

1 Mason Minn. St. 1927, § 285, reads:

"When the surnames of two or more candidates for the same office are the same, each such candidate shall have added thereto not to exceed three words, indicating his occupation and residence, and upon such candidate furnishing to the officer preparing the official ballot such words, they shall be printed on the ballot with and as are the names of the candidates and immediately after his name."

The argument for petitioner is that the statute does not authorize any designation on the ballot after the name of Albert A. Lodin. The purpose of § 285 is to avoid the confusion that may arise from

the appearance upon the ballot of identical surnames. It sets forth a single and exclusive circumstance under which words of designation may be added. Its framers might have gone much farther. They might have dealt with similarity as well as identity of surnames and stopped there. They might have covered similarity as well as identity of both given and surnames. But they did nothing of that kind. Of the whole field which they might have covered they have reached by express inclusion only identity of surnames. To project the statute beyond that field and make it include similarity as well as identity of surnames would in our judgment extend its effect beyond the scope limited by the clear phraseology chosen by the legislature. The result would be an inadvertent but no less an actual amendment of the statute rather than an interpretation of it.

What we have said precludes recourse to the doctrine of *idem sonans*. That rule seldom if ever has any application to surnames alone. For instance, if title to real estate is taken in the name of Lars Olson and later there is a conveyance from John Olson, nobody would think of invoking the rule of *idem sonans* to suggest that the original grantee was the same person as the subsequent grantor. The legislature was not ignorant of the doctrine of *idem sonans,* and there is in consequence a rather strong implication that, first, by confining the effect of the statute to surnames to the exclusion of Christian names and, next, by making it applicable only "when the surnames * * * are the same," it intended to restrict its operation accordingly.

In consequence, an order must issue to the secretary of state and to the two county auditors directing them to print the ballots for the general election without the designation indicated, or any other, after the name of Albert A. Lodin as a candidate for the office of state senator in the 44th legislative district.

So ordered.

PETERSON, JUSTICE (dissenting).

Too narrow a construction is placed on the statute by entirely overlooking the fact that it is a remedial statute designed to prevent errors in voting resulting from confusion as to the identity of

the candidates. The statute seeks to eliminate such confusion by identifying the candidates. A remedial statute should be liberally construed for the suppression of the mischief and advancement of the remedy. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8986. The reason the doctrine of *idem sonans* seldom, if ever, applies to only the surname is that ordinarily a name is composed of both the Christian and surname, but the statute has excluded the Christian name from consideration in cases of this kind. This does not indicate a statutory intention that the doctrine of *idem sonans* should not be applicable, but rather that in the application of the doctrine only the surname should be considered. Much should be left to the judgment of the secretary of state as the executive officer in charge of such matters, and we cannot say that his decision that the names Ledin and Lodin are indistinguishable to most voters is erroneous. It is a matter of common knowledge of which we can take judicial notice that the two names have been regarded as indistinguishable. In Ordean v. Grannis, 118 Minn. 117, 125, 136 N. W. 575, 1026, L. R. A. 1915B, 1149, the names Albert B. Geilfuss, assignee, and Albert Guilfuss, assignee, were held to be the same so as to make service upon Albert B. Geilfuss valid under the section authorizing the service of summons by publication upon absentees. There the question arose simply from a consideration of the names as they appeared in writing in connection with the proceeding for service of the summons by publication. We held that, considering each name as a whole "the differences between them are trivial." In pronunciation of the names here involved the accent is on the last syllable in both cases. This is a matter of some importance in the application of the doctrine of *idem sonans*. That confusion in the voting will result is certain unless the distinguishing words are placed on the ballot after the name of Albert A. Lodin. No candidate should have the benefit of the confusion which will result from such a situation.