MINNESOTA FARMERS MUTUAL INSURANCE COMPANY v. THOMAS A. SMART.[1]

December 9, 1938.

Nos. 31,858, 31,869.

[1]Reported in 282 N. W. 658.

*Bowen, Best, Flanagan & Rogers,* for appellant.
*George L. Bargen,* for respondent.

JULIUS J. OLSON, JUSTICE.

Prior to February 22, 1938, Minnesota Farmers Mutual Insurance Company, hereafter referred to as petitioner, issued a statutory policy of fire insurance upon a certain frame building in Bemidji belonging to one Thomas J. Smart, the insured thereunder. On the date mentioned a fire occurred. The loss was not a total one. The insured died before the fire occurred, and Thomas A. Smart had been appointed and was acting as administrator of the insured's estate. On March 31, that year, the administrator executed a verified statement in proof of his claimed loss and mailed the same to petitioner at its Minneapolis office. It was there received the next day. Petitioner and the administrator were unable to agree upon the amount of loss. On April 14, pursuant to 1 Mason Minn. St. 1927, § 3512, petitioner caused a demand for an appraisal to be served upon the administrator and therein designated one Johnson as appraiser. On April 16 the administrator by written instrument designated his appraiser, one Allandslee, and on April 18 mailed the same by registered mail to petitioner at its home office in Minneapolis, and it was received by it the next day.

Petitioner, deeming Mr. Allandslee's appointment too late, on April 26 petitioned the district court of Beltrami county for the appointment of an umpire to act with petitioner's appraiser in the ascertainment of the loss occasioned by the fire. The petition was

verified and fully stated the facts. The administrator interposed an answer, and petitioner replied. Later, counsel for the parties agreed upon the facts. These were submitted to and adopted by the court as its findings. The court was of opinion that petitioner was not entitled to the appointment of an umpire to serve with its appraiser as a two-man board in connection with the arbitration and appraisal sought. It accordingly denied the petition.

From the order made petitioner has appealed, being of the view that this was a final order in a special proceeding. Being in doubt with respect to the appealability of the order, it has also sued out a writ of *certiorari*. We are not called upon to determine, nor do we, whether either mode is exclusive of the other. The case is here, and we shall go directly to the merits.

Petitioner claims that it has complied with the policy terms and statutory provisions relating to an appraisal and that its right to proceed as it did has been perfected strictly in conformity with statute and the terms of the policy. 1 Mason Minn. St. 1927, § 3512, supplies the basis for petitioner's claim. As will be observed, this statute provides, in substance, that in the event of loss, not total, and where there is disagreement between the insured and the insurer, the issue raised may be determined by an appraisal. It is also provided thereby that the parties shall each select an appraiser within 15 days after the statement of loss has been rendered by the insured to the insurer. It seems clear that thus far there can be no disagreement with regard to petitioner's claim that it has met with the policy and statutory provisions mentioned.

Its next claim is that it affirmatively appears the insured failed to exercise his right of selecting an appraiser within the 15-day period, hence that his designation of Mr. Allandslee to be an appraiser came too late. Petitioner quotes from the statute as follows:

"* * * and in case either party fail to select an appraiser within such time, the other appraiser and the umpire selected, as herein provided may act as a board of appraisers, and whatever award they shall find shall be as binding as though the two ap-

praisers had been chosen; * * *" Also that, "Unless within fifteen days after a statement of such loss has been rendered to the company, either party, the assured or the company, shall have notified the other in writing that such party demands an appraisal, such right to an appraisal shall be waived; * * *"

For the administrator it is claimed that the statute was complied with by him because on April 16, that being, as he contends, within 15 days after petitioner received his proof of loss, he made a selection, and that the mere fact of mailing it two days later was not fatal to his right of making such selection. He also claims that the obvious purpose of the statute is to give each party an equal chance to appoint his own appraiser; that inasmuch as petitioner waited until April 14 before making selection and notifying him thereof he had at least a reasonable time thereafter within which to select his appraiser and to so inform petitioner. That was the view adopted by the court. In a well considered memorandum the court in construing this statute reached the conclusion that the statute does not require *service* of notice within the 15 days after proof of loss but that *selection* only is the statutory requirement; and that a "fair interpretation of this statute must be that when the company has notified the assured of its desire for an appraisal the assured has the statutory time within which to 'select' a competent, disinterested and impartial appraiser, and one who is willing to accept such appointment and to so act. The assured had, under the statute, all of the 16th day of April within which to select his own appraiser. Taking such statutory time he could not have *notified* the company at its Minneapolis office of such selection within 15 days. Under the circumstances it is plain he acted within a reasonable length of time and with all the promptness the law could require." We think the court's reasoning is sound for otherwise the insurer could make service of its notice the 15th day after proof of loss and so late on that day that the insured would be unable to select his appraiser, consult with him as to whether he was willing to serve, determine his fitness to render such service, and perhaps many other considerations; and then, too, to make service

upon an insurer perhaps hundreds of miles distant (in this case more than 200 miles) might well make it physically impossible to comply with the statute if it is to be construed as claimed by petitioner.

As will be noted, the statute provides:

"Unless * * * either party * * * shall have notified the other" within the 15-day limitation, then and then only "such right to an appraisal shall be waived." The purpose of the statute "is to provide a means for the speedy settlement and adjustment of the loss; and, as such a provision can only be carried into effect by the concurrent action of both parties, neither can rightfully refuse to act with reasonable promptness, when the other demands that such action be taken." Powers Dry Goods Co. v. Imperial F. Ins. Co. 48 Minn. 380, 388, 51 N. W. 123, 124.

The selection of appraisers is, under the statute, optional. Either or both parties may waive the right, and if neither seasonably exercises the right then clearly the person suffering the fire loss may proceed with suit. Necessarily, then, arbitration is a prerequisite only if and when one or both of the parties, in conformity with the statute, seasonably demands it.

That the right of appointment of an arbitrator by each party is a valuable one cannot be denied. No one would contend that where, as here, the insurance company has appointed its appraiser, if the insured is to be deprived of that right, he has been placed at a disadvantage. Neither party so vitally interested in the result as are parties to an insurance contract would appoint an appraiser hostile or indifferent to the rights and claims of the one appointing him.

While the arbitration so to be had is conducted somewhat after the fashion of one at common law as distinguished from our statutory arbitration, the agreement in the standard policy is not a revocable right; rather it is a method fixed by the statute for finding and determining the loss in the event of disagreement. It is binding upon both parties. The enactment "did not provide something that either party through whim or caprice might disregard. And

what it made was a definite procedure binding upon both parties in ascertaining loss." Liability is not determined by the arbitrators. They are limited to ascertainment of the amount of the loss. Glidden Co. v. Retail Hardware Mut. F. Ins. Co. 181 Minn. 518, 521, 523, 233 N. W. 310, 312, 77 A. L. R. 616.

The statute is remedial. There is nothing in it indicating that the legislature intended an arbitrary, rigid, or wholly inelastic time limit of 15 days except insofar as setting in motion the statutory time within which either party must act. As we have already said, to prevent sharp practice by one party against the other so as thereby to gain advantage and put the other at a disadvantage, the evident purpose of the act is to give both parties a reasonable opportunity to be placed on a footing of equality; each was designed to have an equal choice. After all, we think the statute should be so construed as to bring about the accomplishment of that purpose. "A rigid and literal reading would in many cases defeat the very object of the statute, and exemplify the maxim that, 'the letter killeth, while the spirit keepeth alive.' * * * The court may carry the statute beyond the natural import of its words when essential to answer the purpose of the legislature. It is an old and unshaken rule in the construction of statutes that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression should be deemed general." 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8943, and cases cited under notes 26 and 27.

The cases relied upon by petitioner, Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449, and American Cent. Ins. Co. v. District Court, 125 Minn. 374, 147 N. W. 242, 52 L.R.A. (N.S.) 496, are not helpful to solution of our problem. In the case first cited the appraiser selected by the insurer refused to act [170 Minn. 217] "and at the same time advised the insured that the companies denied liability and would not participate in an appraisal." In the second case the only question involved and submitted was whether one O'Reilly was a competent appraiser. In neither case was the particular question here involved determined.

Each party should be given a fair chance to name his own appraiser. That is the clear purpose of the legislative act, and we should adopt such rule of construction as will make it workable and effective to that end.

Order affirmed.