GUY V. HOWARD v. MIKE HOLM.[1]

October 14, 1940.

No. 32,733.

[1]Reported in 296 N. W. 30.

590

*John C. Styer,* for relator.

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, and *George B. Sjoselius* and *Rollin L. Smith,* Special Assistant Attorneys General, for respondent.

PER CURIAM.

In our opinion of October 14, 1940, we did not take notice of the legislative history of L. 1939, c. 345, Part 6, c. 2, § 1, 3 Mason Minn. St. 1940 Supp. § 601-6(2), in the light of which the questions involved should receive different treatment, but with the same result. Our attention was called to the omission before the opinion was published. To correct the omission and to save unnecessary printing, we therefore withdraw the opinion and supersede it by this amended opinion *nunc pro tunc* as of the date of the original.

Relator seeks to compel the secretary of. state to accept his filing by petition as a candidate for the office of United States senator at the general election to be held on November 5, 1940, to fill the vacancy which was caused by the death of the late United States Senator Ernest Lundeen on August 31, 1940.

Senator Lundeen was elected at the 1936 election for a six-year term from January, 1937, to January 3, 1943. The unexpired portion of his term from the time of his death is about two years and four months. The state primary was held pursuant to law on September 10. The vacancy occurred ten days before the primary and 66 days before the general election. There has been no election to fill the vacancy.

Relator's petition is in proper form. It is signed by the required number of electors. He has tendered the petition to the secretary of state for filing with the proper filing fee. The secretary of state refused to accept the filing upon the ground that there should be no election to fill the vacancy in the office of United States senator.

The secretary of state is authorized by law to accept filings by petition for any office to be filled at a general election where, as here, the filing is tendered after the primary and at least 30 days before the election. Relator claims that since there is a vacancy he has a right to file under L. 1939, c. 345, Part 3, c. 3, § 8, 3 Mason Minn. St. 1940 Supp. § 601-3(3)g, relating to filing by petition and reading as follows:

"No nomination for any office shall be made either by petition or otherwise within 30 days before the time of holding a general election, except nominations to fill a vacancy in a nomination previously made, or to nominate a candidate for an office in which a vacancy has occurred and for which no person is a candidate."

Respondent contends that this part of the statute is inapplicable for the reason that elections to fill vacancies in the office of United States senator are governed exclusively by *Id.* Part 6, c. 2, § 1,[2] which provides that vacancies

2"Upon failure to choose a senator in congress or upon a vacancy in said office the vacancy shall be filled for the unexpired term at the following biennial state election, provided said vacancy occurs not less

in such office shall be filled at the following biennial state election where the "vacancy occurs not less than 60 days prior to the date of the primaries for nominating candidates to be voted for at such election, otherwise at the biennial state election next following."

Under § 6 of said c. 2 of Part 6, 3 Mason Minn. St. 1940 Supp. § 601-6(2)e, candidates for the office of United States senator may be nominated at the regular primaries or by petition or certificate of the voters "under the conditions and in the manner provided by the laws relating to such petitions or certificates, *so far as applicable.*" (Italics supplied.)

U. S. Const. Amend. XVII, reads as follows:

"The Senate of the United States shall be composed of two Senators from each state, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state legislatures.

"When vacancies happen in the representation of any state in the Senate, the executive authority of such state shall issue writs of election to fill such vacancies: Provided, that the legislature of any state may empower the executive thereof to make temporary appointment until the people fill the vacancies by election as the legislature may direct.

"This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution."

---

than 60 days prior to the date of the primaries for nominating candidates to be voted for at such election, otherwise at the biennial state election next following. Pending such election the governor shall make a temporary appointment to fill the vacancy, and the person so appointed shall serve until the election and qualification of the person duly elected to fill such vacancy."

Relator contends that the provisions of said Part 6, c. 2, § 1, are unconstitutional upon the grounds that they provide in effect for the filling of vacancies in the office of United States senator by appointment of the governor and not by election by the people. He urges that the constitution requires the vacancy to be filled by the people at the next general election, and that the provisions of the statute, that the vacancy is to be filled at the election only where it occurs 60 days prior to the primary, deny to the people the right to fill the same by election.

■ It is clear beyond argument that a person may be a candidate in an election only for an office which is to be filled at the election. Hence, if the vacancy in the office of United States senator is not to be filled at the general election in November, respondent properly refused to accept relator's filing.

■ An election may be held only under constitutional or statutory authorization. An election held without authority of law is void although it is fairly and honestly conducted. State ex rel. Windom v. Prince, 131 Minn. 399, 155 N. W. 628; 18 Am. Jur., Elections, § 100.

■ In any view we take of this case, the relator was not entitled to become a candidate by petition or otherwise. If we assume, as relator contends, that L. 1939, c. 345, Part 6, c. 2, § 1, is unconstitutional, there would be no state legislation providing for and regulating elections for filling such vacancies. In that situation the only authority for holding an election to fill the vacancy would be a writ of election by the executive authority of the state pursuant to the Seventeenth Amendment.

The writ of election issued by the governor under the Seventeenth Amendment to fill a vacancy in the office of United States senator, absent controlling legislation, is the only legal authority for holding such an election. The governor's authority is derived from the federal constitution,

which has confided that power in him to the exclusion of other branches of the state government. In People ex rel. Fitzgerald v. Voorhis, 222 N. Y. 494, 499, 119 N. E. 106, 108, it appeared that the governor issued a writ of election to fill a vacancy in the house of representatives of congress under the provision of U. S. Const. art. I, § 2, clause 4, that "when vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such Vacancies." The court pointed out that the governor issued the writ of election in virtue of the power invested in him by and in obedience to the commands of the federal constitution. Of the writ, which was referred to as a proclamation, the court said (222 N. Y. 499, 119 N. E. 108): "The only basis for holding the special election is the governor's proclamation." The holding in the Voorhis case is in accord with congressional practice. Hoge's Case, C. & H. Contested Elections, 135; Beach's Case, 1 Bart. Contested Elections, 391; Paine, Elections, §§ 424, 425. See In re Representation Vacancy, 15 R. I. 621, 9 A. 222. The rule of the Voorhis case applies here for the reason that the part of the Seventeenth Amendment now being considered is the same as that relating to filling vacancies in the house. Hence a holding that the statute in question is unconstitutional would not help relator's case.

On the other hand, if we held that the statute were constitutional, decision would necessarily be against relator. His argument in effect concedes as much. The statute authorizes an election only at a time which would prevent the holding of the election in the instant case.

There is no authority for filling the vacancy in the office of United States senator at the November, 1940, general election. Absent such authority, the respondent was not required to accept relator's filing.

■ Elections to fill vacancies in the office of United States senator are governed exclusively by L. 1939, c. 345,

Part 6, c. 2, § 1. The provisions of Part 3, c. 3, § 8 [Mason 1940 Supp. § 601-3(3)g], relating to nominating candidates by petition were adopted by Part 6, c. 2, § 6 [*Id.* § 601-6(2)e], for the election of United States senator only "so far as applicable." No election to fill a vacancy in the office of United States senator can be held under Part 6, c. 2, § 1, unless the vacancy occurs at least 60 days before the primary. Filings by petition are permitted under Part 3, c. 3, § 1 [*Id.* § 601-3(3)], "only after the holding of the regular primary." The provisions relating to filing by petition have no application where the vacancy in the office of United States senator occurs after the primary. Here the vacancy occurred ten days (not at least 60 days) before the primary. The intention of Part 3 when considered as a whole is to provide for the nomination of candidates to be voted for at the regular election. Nomination by petition of the voters is authorized by c. 3 thereof only as a method of nominating such candidates. Where, as here, there is no election to be held, there can be no nominations by petition or otherwise.

Order to show cause discharged.