KLEVE J. FLAKNE v. AL P. ERICKSON AND BEN W. PALMER.[1]

October 16, 1942.

No. 33,420.

[1]Reported in 6 N. W. (2d) 40.

*George C. Stiles* and *F. J. Donahue,* for petitioner.

*William D. Gunn,* Assistant County Attorney, and *Karl W. Windhorst,* Special Assistant County Attorney, for respondent Al P. Erickson.

*G. A. Youngquist,* for respondent Ben W. Palmer.

JULIUS. J. OLSON, JUSTICE.

In this proceeding, originating in this court, petitioner seeks to have "an order or writ" issue out of this court directing the respondent Erickson as auditor of Hennepin county "to refrain or desist from causing the name of Ben W. Palmer" to be printed on the county ballot as a candidate for the office of district judge of that district at the next general election, November 3, 1942, to fill the vacancy created by the death of Judge Baldwin.

Since the facts are not in dispute, these may be thus summarized: Judge Mathias Baldwin had served with honor and distinction as district judge of Hennepin county over a period of many years. His last election took place in November 1940, at which time he was elected for a full six-year term commencing the first Monday in January 1941, and continuing, had he lived, to January 1947. He died October 1, 1942. On the next day petitioner's nominating petition came to the office of the auditor, who duly accepted and filed the same. Next day (Saturday, October 3) came a similar petition in behalf of one Shaughnessy. That, too, was accepted and filed. On the following Monday, October 5, the auditor accepted and filed a similar petition on behalf of respondent Palmer. All these men claim to be duly nominated and as such entitled to have their names entered upon the ballot at the November 3, 1942, general election. There are other aspirants to the same office, not parties to the present cause.

The inquiry presented is whether these petitions are timely, the vacancy having occurred after the primaries but more than 30 days before the general election, or if, as claimed by petitioner, only the two presented on October 2 and 3 may lawfully be entered by the auditor as the sole nominees to fill the vacancy.

Minn. Const. art. 6, § 10, provides:

"In case the office of any judge shall become vacant before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the governor, until a successor is elected and qualified. And such successor shall be elected at the first annual election that occurs more than thirty days after the vacancy shall have happened."

The parties do not question that under this provision an election to fill the vacancy caused by Judge Baldwin's death is to be determined at the November 3 election. Whoever is then elected will hold a full six-year term. Minn. Const. art. 6, § 4. Under art. 7, § 9, the official year commences on the first Monday in January next following the general election, "and all terms of office shall

terminate at that time." Crowell v. Lambert, 9 Minn. 267 (283). In State ex rel. Lull v. Frizzell, 31 Minn. 460, 466, 18 N. W. 316, the court said: "That all judges of the supreme and district courts, *whenever elected,* are now holding for a term of *six* years from the first Monday in the January next succeeding their election." So, we think it is clear that if and when the governor makes an interim appointment to fill the mentioned vacancy the appointee would hold the office until a successor is elected and has qualified, and that the one elected at the next general election cannot qualify except for the regular term beginning in January 1943.

In the instant case, of course, there was no vacancy in the office of Judge Baldwin, nor was anyone a candidate for that office at the time of the primary election. So, the determinative question here is whether our statute, Minn. St. 1941, § 202.26 (Mason St. 1940 Supp. § 601-3[3]g), upon which petitioner relies, or § 202.27 (§ 601-3[3]h), relied upon by respondents, controls. These sections, as far as here material, provide.:

"202.26. No nomination for any office shall be made either by petition or otherwise within 30 days before the time of holding a general election, except nominations to fill a vacancy in a nomination previously made, or to nominate a candidate for an office in which a vacancy has occurred and for which no person is a candidate.

"202.27. Certificates of nomination shall be filed * * * with the county auditor, to be placed upon the india tint ballots, on or before the third Tuesday preceding the day of election."

It is interesting to note that § 202.27 was first enacted in 1893 by c. 4, § 44. Section 202.26 was enacted in 1917 by L. 1917, c. 68, § 13. Both sections were reënacted and included in the election code in 1939 (L. 1939, c. 345, Part Three, c. 3, §§ 8 and 9).

Petitioner's position is that the portion of § 202.26, "to nominate a candidate for an office in which a vacancy has occurred and for which no person is a candidate," is the mandatory language, preventing anyone other than the first two who filed their peti-

tions prior to the 30-day period that may be considered candidates for the office, their claim being that they and they alone having complied with the 30-day requirement are in fact the only "candidates" for that position, and that Mr. Palmer is out of the race because his was filed less than 30 days before the next general election.

We think both sections should be "construed with reference to each other" since they are *in pari materia*. 6 Dunnell, Dig. & Supp. § 8984, note 3. This result is especially desirable if, by so construing them, just and reasonable results are obtained. So construing them, the plain legislative purpose of § 202.26 was to except from the 30-day prohibition cases (1) where the vacancy occurs in a nomination made at the primary election, and (2) where the vacancy occurs in an office "for which no person is a candidate." The second exception obviously was intended to cover the case where no person was a candidate for the office at the time the vacancy occurred. Judge Baldwin's death was the decisive event causing the vacancy, and from that date we must compute the time to the date of the election. Since that election "occurs more than thirty days after the vacancy shall have happened," there must be an election to fill the office if we are to follow the constitutional mandate. Until death removed him there was no office to fill, hence "no person" was or could be a "candidate."

We know of no statutory or constitutional limitation upon the number of candidates who may file, or otherwise qualify, for any elective office. That is the situation before the primary election when candidates are chosen, and the same freedom of choice is given to those who become candidates under. *Id.* § 202.19 (§ 601-3[3]), which is virtually a substitute for the primary where situations such as we have here arise.

By reading § 202.26 in its entirety the legislative purpose seems clear. Both exceptions should be given full and fair weight. Under the first exception (where the nominee at the primary vanishes from the picture from any cause) the 30-day limitation is lifted. Why should there be a restriction under the second not applicable

to the first? If we look at the purpose to be served, there should be equality of opportunity given in both cases for the selection of one or more "candidates." Since there was no "candidate" for Judge Baldwin's office when he died, it is plain that the 30-day prohibition in § 202.26 is also lifted under the second exception for the simple reason that as to his office "no person is [or could be] a candidate." We think § 202.27, upon which respondent relies, affords him the authority to accept Mr. Palmer's nominating petition.

We think these principles applicable in cases of this type:

1. Statutes relating to primaries and elections do not confer rights of qualified persons to become candidates for office but merely regulate the exercise of such rights in an orderly way.

2. Statutory regulations of the election franchise must be so construed as to insure, rather than defeat, full exercise thereof when and wherever possible.

3. Narrow construction of statutes fixing time for filing primary nomination papers should be avoided. Manning v. Young, 210 Wis. 588, 247 N. W. 61.

Order to show cause discharged and petition denied.

