STATE EX REL. WILLIAM J. GALLAGHER v. AL P. ERICKSON AND OTHERS.[1]

October 16, 1942.

No. 33,423.

[1]Reported in 6 N. W. (2d) 43.

152

*Mart M. Monaghan* and *T. Wesley McMahon,* for relator.

*J. A. A. Burnquist,* Attorney General, *George B. Sjoselius,* Assistant Attorney General, *Frank J. Williams,* County Attorney of Hennepin County, and *Karl W. Windhorst,* Special Assistant County Attorney of Hennepin County, for respondent Al P. Erickson.

PIRSIG, JUSTICE.

On October 3, 1942, relator filed in the office of the auditor of Hennepin county his certificate of nomination by petition for the office of congressman in the third district of this state on the Democratic ticket at the 1942 general election. Hennepin county was the county of the relator's residence. On October 10, 1942, and less than 30 days prior to the 1942 general election, relator presented certified copies of the certificate for filing to each of the other respondents, who are the county auditors of the remaining counties in the district. The copies were accepted and filed by all of the respondents except Roy F. Johnson, auditor for Washington county. All of the respondents, however, have refused to place relator's name upon the ballot for the 1942 general election on the ground that the nomination of relator had not become effective. Their claim is that, under the statutes, the certified copies of the certificate should have been filed with them not less than 30 days before the holding of the election.

The following statutes are involved, Minn. St. 1941, § 202.25 (Mason St. 1940 Supp. § 601-3[3]f) :

"When the nomination of a candidate to be voted for in any district larger than a single county is made by voters' certificate, the original thereof shall be filed with the auditor of the county where the candidate resides and such auditor shall certify as many copies thereof, if presented to him, as there are other counties in the district, one of which certified copies shall be filed within the proper time with the auditor of each such county, and shall be authority for such auditor to place the name upon the india tint ballots."

*Id.* § 202.26 (§ 601-3[3]g):

"No nomination for any office shall be made either by petition or otherwise within 30 days before the time of holding a general election * * *," and continuing with exceptions which are not here material.

*Id.* 202.27 (§ 601-3[3]h):

"Certificates of nomination shall be filed as follows: * * * with the county auditor, to be placed upon the india tint ballots, on or before the third Tuesday preceding the day of election * * *."

Sections 202.25 and 202.27 were originally enacted in L. 1893, c. 4, § 42 and § 44. Section 202.26 was not enacted until 1917. L. 1917, c. 68, § 13. As they appeared in the original act it is clear that the words "within the proper time" appearing in § 202.25 referred to the time limit for filing fixed in § 202.27, and the act permitted both the original and the certified copies of the certificate of nomination to be filed before the third Tuesday preceding the general election. It is contended by the respondents that this was changed by the enactment in 1917 of § 202.26; that, being a later enactment, it controls, and that the words "within the proper time" now refer to the time limit fixed by this section.

We believe that this gives greater effect to § 202.26 than was intended. This section deals only with the making of nominations. It does not control the time of filing the certificate of nomination unless such filing is a part of the nomination.

The nomination of the relator was complete when the original certificate was filed in the county of his residence pursuant to § 202.25. The only purpose of the requirement of that section that certified copies be filed in the remaining counties is to enable the auditor "to place the name upon the india tint ballots." It contemplates that a nomination has already been made. Hence § 202.27 and not § 202.26 applies. Certified copies must be filed, but this may be done at any time before the third Tuesday preceding the election. It follows that the relator is entitled to have the certified copies accepted and filed in the respective counties of the respondents and to have his name placed upon the ballots pursuant to the petition of nomination.

The order of this court will issue accordingly.

