## HJALMAR PETERSEN v. MRS. MIKE HOLM.[1, 2]

August 31, 1954.

No. 36,482.

---

[1] Reported in 66 N. W. (2d) 15.

[2] IT IS ORDERED, That Mrs. Mike Holm as Secretary of State of the State of Minnesota add to the name of the above named relator on the official ballot for the 1954 primary election to be conducted on September 14, 1954, the three words indicating the occupation and residence of relator as furnished by him to her. Formal opinion will follow.

Dated August 23, 1954.

BY THE COURT
ROGER L. DELL
Chief Justice of the Supreme
Court of the State of Minnesota

*Helgesen and Kane,* for petitioner.

*J. A. A. Burnquist,* Attorney General, and *Donald C. Rogers,* Assistant Attorney General, for respondent.

DELL, CHIEF JUSTICE.

This is an original proceeding under M. S. A. 202.08 to require the secretary of state to add to the official ballot after the name of the petitioner, Hjalmar Petersen, one of the candidates for the Democratic-Farmer Labor party nomination for the office of railroad and warehouse commissioner in the primary election to be conducted on September 14, 1954, three words indicating his occupation and residence. Clifford C. Peterson has filed for nomination for the same office which petitioner seeks, and his name will appear as a candidate on the official primary election ballot.

M. S. A. 205.70 in part reads:

"When the surnames of two or more candidates for the same or different offices appearing on the same ballot at any election are the same, each such candidate shall have added thereto not to exceed three words, indicating his occupation and residence, and upon such candidate furnishing to the officer preparing the official ballot such words, they shall be printed on the ballot with and as are the names of the candidates and immediately after his name."

The contention of petitioner is that the two names "Petersen" and "Peterson" are the same within the meaning of the statute and that, by the refusal of the secretary of state to add the descriptive words to the official ballot following his name, an error is about to occur which this court should prevent.

The statute under consideration here is remedial. As such, it is to receive a liberal rather than a strict construction. 6 Dunnell, Dig. & Supp. § 8986.

40

This court, in Minnesota Farmers Mut. Ins. Co. v. Smart, 204 Minn. 101, 106, 282 N. W. 658, 661, stated:

"* * *'A rigid and literal reading would in many cases defeat the very object of the statute, and exemplify the maxim that, "the letter killeth, while the spirit keepeth alive." * * * The court may carry the statute beyond the natural import of its words when essential to answer the purpose of the legislature. It is an old and unshaken rule in the construction of statutes that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression should be deemed general.' 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8943, and cases cited under notes 26 and 27."

Election laws are to be liberally construed so as to secure to the people their right to express freely their choice. 6 Dunnell, Dig. (3 ed.) § 2915, and cases cited under note 3.

In Quealy v. Warweg, 106 Minn. 145, 146, 118 N. W. 673, in referring to an election law, this court stated:

"* * * The statute must be liberally construed so as to effectuate legislative intention and to fully secure to the people their right to express their choice. A technical construction of the language used would be objectionable on general principles, and tend to subvert the purposes sought to be attained."

It is a matter of common knowledge, particularly among the Scandinavians, that the reason for the variance in the use of "sen" as contained in the name "Petersen" and "son" as contained in the name "Peterson" is due to a difference in translation, both being derived from the word "son." It is likewise a matter of common knowledge that in usage the names "Petersen" and "Peterson" are generally pronounced the same. Nowhere in M. S. A. 205.70 is the word "same" defined. Under the liberal construction which we must afford the statute, it cannot be said that it was the intention of the legislature to limit surnames as used in the statute to names identically spelled. In elections the pronunciation and sound of the sur-

names of candidates are equally as important as their spelling. It is clear that the purpose of the statute was to eliminate confusion by identifying the candidate so that the voters might intelligently cast their ballots for the candidates of their choice. In order to carry into effect the intention of the legislature and the purpose for which the statute was enacted, we hold that the surnames "Petersen" and "Peterson," within the meaning of the statute, are the same. Our holding here is in harmony with the liberal construction which we placed upon "three words" and "occupation" as contained in the same statute and which we construed in Dougherty v. Holm, 232 Minn. 68, 44 N. W. (2d) 83.

The secretary of state, in refusing to add to the official ballot after the name of petitioner the descriptive words indicating petitioner's occupation and residence, did so in reliance upon Ledin v. Holm, 203 Minn. 434, 281 N. W. 762. In that case a strict construction was given to the statute, whereas it should have been liberally construed. In so doing this court was in error. Insofar as the Ledin case is at variance with this opinion it is expressly overruled.

For the future guidance of the secretary of state in determining whether surnames are the same within the meaning of the statute, it is proper to state that much must be left to the sound judgment of the secretary of state as the executive officer in charge of such matters.

In consequence of our holding here, an order must issue requiring the secretary of state to add to the name of petitioner on the official ballot for the primary election to be held on September 14, 1954, the three words indicating the occupation and residence of petitioner as furnished by him to her.

So ordered.