BYRON G. ALLEN AND OTHERS v. MRS. MIKE HOLM.
FRANK P. RYAN, INTERVENER.[1]

October 26, 1954.

No. 36,530.

---

[1]Reported in 66 N. W. (2d) 610.

*Lee Loevinger, Edward M. Glennon,* and *Sydney Goff,* for petitioners.

*J. A. A. Burnquist,* Attorney General, and *Donald C. Rogers,* Assistant Attorney General, for respondent.

*Harry H. Peterson,* for intervener.

DELL, CHIEF JUSTICE.

This is an original proceeding commenced pursuant to M. S. A. 205.78 wherein petitioners seek an order of this court directing the respondent, as secretary of state, to refrain from printing the name of Frank P. Ryan, a purported candidate for the office of United States senator, on the white ballot[2] to be used at the forthcoming general election on November 2, 1954.

On Saturday, October 2, 1954, Frank P. Ryan presented to the respondent certain documents purporting to be a petition constituting a certificate of nomination of Ryan as a candidate for senator. Upon presentation the documents were accepted by the respondent and filed in her office. On October 6, 1954, petitioners applied to this court for an order directing the secretary of state to omit the name of Frank P. Ryan from the ballot or show cause why she should not do so. The order applied for was issued. The secretary of state made return to this order on October 7, 1954, and the matter came on for full hearing before this court on October 8, 1954. Petition by Frank P. Ryan for leave to intervene was granted. After the hearing the order to show cause was discharged.[3]

Petitioners first contend that there is no statutory authority for nominating a candidate for the office of senator in congress by

_____

[2]Under § 205.61 the "white ballot" designates "candidates for offices to be voted for throughout the state."

[3]IT IS ORDERED by a majority of the Court that the order to show cause issued herein on the 6 day of October 1954, be and the same is hereby discharged. A formal opinion will follow. Dated October 8, 1954. /s/ Roger L. Dell, Chief Justice, Supreme Court.

98

petition. The primary statute involved, § 202.19,[4] has since 1895 expressly permitted nomination by petition of candidates for congressional offices.[5] It was not until the adoption of U. S. Const. Amend. XVII in 1913, however, that congressional senators were elected by popular vote. It became necessary, therefore, for our legislature in the 1913 session to enact laws governing the election of senators pursuant to the constitutional amendment.[6] Section 5 of this act provided:

"The provisions of the primary law for the preparation of the ballots and for the casting, counting and canvassing of votes, and for determining the nominees, and for filling vacancies as contained in Sections 181 to 203, inclusive, and Section 217, Revised Laws 1905, as amended, are hereby made applicable to this act and *all the provisions of said primary law are hereby made applicable to this act as far as practicable.*"[7] (Italics supplied.)

The question presented is whether the legislature intended that § 202.19 and its related statutes, which are §§ 213 to 216 of the Revised Laws of 1905, should also apply to the nomination of senators inasmuch as they were not specifically included by reference. We are of the opinion that, by providing for *all* provisions of the primary election laws to apply wherever practicable, the legislature intended to include those sections permitting nomination by petition. This conclusion is supported by the fact that at the same session of the legislature § 213 of the Revised Laws of 1905 was amended to prevent candidates for nonpartisan offices from being nominated by petition.[8] The legislature could readily have excluded United States senators if it had so intended. In 1939, after inten-

[4]Originally L. 1893, c. 4, § 35. It became § 213 of the Revised Laws of 1905.

[5]L. 1895, c. 135.

[6]L. 1913, c. 520.

[7]L. 1913, c. 520, § 5; presently M. S. A. 207.05.

[8]L. 1913, c. 389, § 6.

sive study,[9] the election laws were codified and rearranged, § 5 being changed to omit any reference to specific sections. It provided:

"The provisions of this act, for the *preparation of the ballots* and for the casting, counting and canvassing of votes, and for filling vacancies are hereby made applicable *to the nomination* and election of United States senators, so far as practicable."[10] (Italics supplied.)

M. S. A. 207.05 now embodies, with a minor change,[11] exactly the same provision.

In Howard v. Holm, 208 Minn. 589, 595, 296 N. W. 30, 33, decided in 1940, we recognized that candidates for the office of United States senator could be nominated by petition under L. 1939, c. 345, part 3, c. 3, which today is M. S. A. 202.19 and its related provisions. It is difficult to perceive why, in view of its legislative history, we should give this section a different construction now.

■ Petitioners next contend that, since the certificate of nomination was not filed until Saturday, October 2, 1954, the filing was ineffective because it did not comply with the provisions of M. S. A. 202.27 requiring the filing to be made on or before the fifth *Friday* preceding the day of election. Respondent, on the other hand, argues that the time of filing in this case is controlled by § 202.26 and, since the certificate was filed prior to 30 days before the date of the election, it was properly accepted. These statutes, insofar as they relate to this controversy, provide:

Section 202.26. "No nomination for any office shall be made either by petition or otherwise within 30 days before the time of holding a general election, except nominations to fill a vacancy in a nomination previously made, or to nominate a candidate for an office in which a vacancy has occurred and for which no person is a candidate."[12]

---

[9]See Report of Interim Committee on Election Laws 1939, which reports the proposed bill.

[10]L. 1939, c. 345, part 6, c. 12, § 5.

[11]Instead of reading "The provisions of this act," M. S. A. 207.05 now provides "The provisions of chapters 200 to 206."

[12]The exceptions noted are not material under the facts in this case.

Section 202.27. "Certificates of nomination shall be filed as follows: With the secretary of state, of the names to be placed on the white ballots, on or before the fifth *Friday* preceding the day of election; with the county auditor, to be placed upon the *canary* ballots, on or before the third Tuesday preceding the day of election; with the city clerk or other proper officer, to be placed on the red ballots, on or before the third *Friday* preceding the day of election."[13]

There is no denying the fact that the two sections taken together are *in pari materia* and the inconsistencies must be resolved in accordance with our established principles of statutory construction so as to best effectuate the legislative intent. In the absence of such ambiguity, the language requiring the filing within a stipulated period of time would, of course, have to be given literal effect since it is mandatory in nature.[14]

Prior to its amendment in 1951, § 202.27 provided that the certificate of nomination must be filed with the secretary of state on or before the fifth *Saturday* preceding the day of election. As the section then stood it was in harmony with § 202.26 inasmuch as none of the filing dates specified in § 202.27 exceeded the 30-day period of 202.26. As we concluded in State ex rel. Gallagher v. Erickson, 213 Minn. 151, 6 N. W. (2d) 43, it seems clear that § 202.26 was intended to govern the *making* of the nomination by petition, while § 202.27 contemplates that the nomination has already been made and controls only the time in which the certificate must be filed.[15] The headnote to § 202.26 presently appearing in our statutes, "Time of filing of petition," originally was used in the 1939 session laws[16] in which our election statutes were codified. However, since the

---

[13]The italicized words indicate changes made by L. 1951, c. 167, § 2, which amendment is subsequently referred to.

[14]Johnson v. Holm, 198 Minn. 192, 269 N. W. 405; State ex rel. O'Hearn v. Erickson, 152 Minn. 349, 188 N. W. 736.

[15]Contrary language in Johnson v. Holm, *supra*, was not considered in the Gallagher case. Moreover, in the Johnson case the distinction between §§ 202.26 and 202.27 was not involved since there was no conflict in dates.

[16]L. 1939, c. 345, part 3, c. 3, § 8.

headnote was not a part of the bill as enacted,[17] it has no value in construing the meaning of the section.[18] It is noted that the drafters of the 1939 bill headed this section "No nomination to be made within 30 days before general election."[19] While some dicta in the Gallagher case might indicate that the nomination is not *made* until the original certificate is filed, such a construction would render § 202.27 purposeless except in very limited situations.[20] It seems to us that prior to the 1951 amendment the clear and unmistakable meaning of § 202.26 was that names might be added to the petition in the manner prescribed up to 30 days prior to the general election. The filing of the completed petition was then to be accomplished with the proper official in accordance with the respective time limits prescribed in § 202.27 in order to give adequate opportunity for the printing and distribution of ballots. Under this literal construction both sections complimented each other and had a meaningful and purposeful effect.

We do not feel that the legislature intended to change this construction by the 1951 amendment. It seems obvious that the last day for filing was changed from Saturday to Friday for the convenience of the respective state officials involved[21] without any realization of the resulting conflict created. To hold that the day for filing takes precedence over the limitation contained in § 202.26 would lead to an absurd result. Petitions could be validly executed

---

[17]House File No. 999.

[18]In re Dissolution of School Dist. No. 33, 239 Minn. 439, 60 N. W. (2d) 60.

[19]Report of Interim Committee on Election Laws 1939, p. 25. A similar headnote appears in the 1917 session laws where this section was originally enacted. L. 1917, c. 68, § 13.

[20]*E.g.*, where, as in the Gallagher case, certified true copies of the certificate of nomination must be filed if the district encompasses more than one county. There is also support for the contention that § 202.27 applies only when one of the exceptions listed in § 202.26 becomes operative. Opinion Attorney General, No. 28-B-1, October 8, 1946.

[21]M. S. A. 202.03 requires the filing offices to be open until 5 p. m. on the last day for filing.

until Saturday, but would not be effective because the time for filing the certificate of nomination had expired the preceding day.

Many noteworthy arguments have been urged by the advocates in this case. Our final determination on this issue, however, rests in a large degree on the liberal interpretation this court in the past has seen fit to give our election laws.[22] In Flakne v. Erickson, 213 Minn. 146, 151, 6 N. W. (2d) 40, 42, two principles of significance here were set out:

"Statutory regulations of the election franchise must be so construed as to insure, rather than defeat, full exercise thereof when and wherever possible.

"Narrow construction of statutes fixing time for filing primary nomination papers should be avoided."

We believe it is more realistic to hold that the primary purpose of the legislation here involved was to provide a time limit for the making of nominations and only secondarily to insure that the certificates of nomination, once made, would be promptly delivered to the proper officials for disposition. Where the nomination is made within the time provided for making nominations and accepted for filing within that same time limit, the nomination becomes legally effective and the name must be placed on the ballot.

Since the writing of this opinion the dissent of Mr. Justice Thomas Gallagher has appeared. We agree with the canon of statutory construction announced in his opinion to the effect that the latest of two inconsistent statutes controls. But such rules are merely an aid to the construction of the statutes and must yield where, as we feel in this case, the legislative intent can be clearly ascertained. As we stated in the case of Winters v. City of Duluth, 82 Minn. 127, 129, 84 N. W. 788, 789:

"* * * But 'canons of construction are not the masters of the courts, but merely their servants, to aid them in ascertaining the

[22]Petersen v. Holm, 243 Minn. 38, 66 N. W. (2d) 15, overruling a strict construction in Ledin v. Holm, 203 Minn. 434, 281 N. W. 762; Dougherty v. Holm, 232 Minn. 68, 44 N. W. (2d) 83; Enger v. Holm, 213 Minn. 154, 6 N. W. (2d) 101; Quealy v. Warweg, 106 Minn. 145, 118 N. W. 673.

legislative intent'; and when it is ascertained the statute must be so construed as to give effect to such intention, even if it seem contrary to such rules and the strict letter of the statute."

■ Finally, petitioners urge that because of numerous irregularities the petitions are patently defective on their face and cannot constitute a valid nomination. Among the several defects alleged are the following: Failure to include the addresses of the signers; the signers are not bona fide voters; inadequate and improperly administered oath; failure to properly date many pages.

The oath required by statute[23] is included within the certificate of nomination. Addresses of the signers are not necessary. The petition, on its face, appears to comply with the statutory requirements. While the other objections, if proved, might well render the petition invalid, we have no proof of their existence. The petitioners submitted these contentions in their argument but have offered no evidence to support them. The time available for determining questions of fact in cases such as this one is, of course, extremely limited if the ballots are to be printed and distributed in time for the election. Of necessity the burden is upon the challenger to prove, by affidavit or otherwise, the truth of the facts alleged if they do not appear on the face of the petition. In the absence of such evidence we are obligated to hold that where, as in this case, the petitions on their face meet the requirements specified by statute, they are legally sufficient.

We conclude that the nomination for United States senator was properly made by petition legally sufficient in form and filed with the secretary of state within the requisite time.

Order to show cause discharged and petition denied.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that the certificate of nomination was not filed within the prescribed statutory period. It seems clear that M. S. A. 202.27 governs the time for filing certificates of nomination by petition and that thereunder such certificates must be filed "on or before the fifth Friday preceding the day of election." In its present

---

[23]M. S. A. 202.22.

form § 202.27 constitutes the re-enactment of a prior statute and became effective by virtue of L. 1951, c. 167, § 2. In its prior form certificates of nomination by petition might be filed on or before the fifth *Saturday* preceding the election and had such provision still been in effect the present question would not have arisen.

If it be contended that § 202.27 is in conflict with § 202.26, last enacted L. 1939, c. 345, part 3, c. 3, § 8, then, under the well-established principle that the court will give effect to the latest of two inconsistent statutes relating to the same subject matter, any inconsistency must be resolved in favor of the language of § 202.27 adopted at the 1951 legislative session. State ex rel. Mergens v. Babcock, 175 Minn. 583, 222 N. W. 285; Syndicate Printing Co. v. Cashman, 115 Minn. 446, 132 N. W. 915; State ex rel. County of Pennington v. District Court, 113 Minn. 298, 129 N. W. 514; State ex rel. Village of Excelsior v. District Court, 107 Minn. 437, 120 N. W. 894.

Further, this court in State ex rel. Gallagher v. Erickson, 213 Minn. 151, 153, 6 N. W. (2d) 43, 44, in language which can scarcely be regarded as doubtful or obiter dicta, expressly repudiated the contention that § 202.26 prescribed the time limitation for filing such certificates of nomination in the following summary:

"Sections 202.25 and 202.27 were originally enacted in L. 1893, c. 4, § 42 and § 44. Section 202.26 was not enacted until 1917. L. 1917, c. 68, § 13. As they appeared in the original act it is clear that the words 'within the proper time' appearing in § 202.25 referred to the time limit for filing fixed in § 202.27, and the act permitted both the original and the certified copies of the certificate of nomination to be filed before the third Tuesday preceding the general election. It is contended by the respondents that this was changed by the enactment in 1917 of § 202.26; that, being a later enactment, it controls, and that the words 'within the proper time' now refer to the time limit fixed by this section.

"*We believe that this gives greater effect to § 202.26 than was intended. This section deals only with the making of nominations.*

*It does not control the time of filing the certificate of nomination unless such filing is a part of the nomination."* (Italics supplied.)

The re-enactment of § 202.27 in clear concise language without material change, other than that referred to above, at the 1951 legislative session some years after our construction of this statute and § 202.26 in the Gallagher case clearly manifested the legislature's intent to adopt such construction and compels the writer's conclusion that the construction now applied by the majority in the instant case is not only inconsistent with our opinion in the Gallagher case but contrary to the clearly evidenced and expressed legislative intent as well. In re Trusteeship Under Will of Jones, 202 Minn. 187, 277 N. W. 899; Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517.

FRANK T. GALLAGHER, JUSTICE (dissenting).

I agree with the majority that M. S. A. 202.19 and its related statutes regarding nominations for candidates for election by petition are included by reference in § 207.05 and that candidates for the United States senate may be nominated by petition. However, I cannot agree with the majority that the documents purporting to be a petition constituting a certificate of nomination of intervener Ryan were timely filed. It seems to me that the filing time is controlled by L. 1951, c. 167, § 2 (M. S. A. 202.27). That section clearly states:

"Certificates of nomination shall be filed as follows: With the secretary of state, of the names to be placed on the white ballots, on or before the fifth Friday preceding the day of election; * * *."

This amendment was approved March 26, 1951. As I read the statute, a proper certificate of nomination would have to have been filed on or before Friday, October 1, 1954, which was the fifth Friday preceding the day of the election, which will be November 2, 1954. It is undisputed in the instant case that the purported petition was not filed with the secretary of state until Saturday, October 2, which, under § 202.27, clearly was a day late. It further seems to me that we definitely indicated in State ex rel. Gallagher v. Erickson, 213

Minn. 151, 6 N. W. (2d) 43, that § 202.27 controls in connection with the time of filing certificates of nomination.

In view of my position in this matter, I must respectfully dissent from the decision of the majority that the purported petition was timely filed.

While I agree with the majority that the time available for determining fact questions with reference to the regularity of the purported petition was extremely limited in the case at bar because of the urgency for printing the ballots in time for the election, I am compelled to say that I am not satisfied with the regularity of the documents purporting to be a petition constituting a certificate of nomination. It seems to me that petitioners well raised on appeal certain objections to the purported petition, such as, failure to include addresses of signers, whether the signers were bona fide voters, inadequate and improperly administered oaths, et cetera.

I also believe that the legislature could well consider a dead-line limit for filing a certificate of nomination so that there would be sufficient time between the last day for filing such certificate and the time when the ballots must be printed and distributed for election so that this court would not be confronted on appeals such as this with the necessity of making an order from the bench determining the issue in order to prevent delay in the printing of the ballots. It is my opinion that any candidate desirous of filing a certificate of nomination should be required to do so early enough before the date for printing the ballots for distribution so as to allow time for serious consideration and deliberation in the event of an appeal to this court.